CHESHIRE, MAY TERM, 1818.

ASHBY HAMILTON *versus* ABRAHAM DUNKLEE.

When the principal dies after the return of " *non est inventus*" on the execution against him, the bail are holden to pay the amount of the judgment.

THIS was a *scire facias* against Dunklee, as bail of Mr. James Dunklee in an action in which the plaintiff recovered judgment here in October term, 1816, for 125 dollars damage, and 22 dollars 19 cents costs of suit.   Execution issued

against the said James in October, 1816, and was delivered to a deputy sheriff, who made a return of " *non est inventus*" on the same, at May term, 1817. This writ of *scire facias* was tested July 29th, 1817.

The defendant pleaded in bar that the said James Dunklee, the principal, died on the 23d of June, 1817.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*James Walker,* for the plaintiff.

*William Smith,* for the defendant.

The opinion of the court was delivered by

BELL, J. The question to be decided is, whether the death of the principal after a return of *non est inventus* upon the execution, exonerates the bail. Our statute relative to bail(1) provides, " that where bail is given upon *mesne pro-* " *cess* in any civil action, for the appearance of the party to " answer the suit and abide the order or judgment of the " court that shall be given thereon, every such surety or " sureties shall be obliged to satisfy the judgment obtained " against the principal, in case of the principal's avoidance " and return of *non est inventus* upon the execution."

(1) Stat. of Feb. 15, 1791.

The statute, however, provides, " that if the surety or " sureties shall at any time before final judgment rendered " against such surety or sureties, bring the principal into " court, and move the court to be discharged from such suit, " the court shall order the said surety to be discharged, such " surety paying down in money to the creditor the costs that " have already accrued in such suit against the surety."

Provision is also made by the statute that the bail shall be discharged, upon bringing the principal into court at any time before final judgment against the principal.

The amount of the stipulation of bail in this state is the same as in England, that the principal shall pay the debt, or surrender his body to be taken in execution, or that the bail shall pay the debt. If the debt be paid, or the principal surrendered before final judgment against him, or indeed at any time before execution returned, the stipulation is per-

Hamilton
*vs.*
Dunklee.

formed and the bail are discharged. But if the debt be not paid, and the principal avoid, so that he cannot be taken on the execution, the stipulation is broken, and upon a return of *non est inventus*, which is conclusive evidence of avoidance, the bail become liable. If, however, the surrender of the principal becomes impossible, by inevitable accident at any time before the return of *non est inventus* upon the execution, the bail will in that case be discharged. For if the condition of an obligation consists of two parts in the disjunctive, and both are possible at the time of making the obligation, and one becomes impossible by the act of God, the obligor is not bound to perform the other(1). Thus the death of the principal before return of *non est inventus* discharges the bail, because the stipulation of the bail is not broken until the return day of the execution. But if the stipulation of the bail be once broken, they can only be discharged by bringing the principal into court in pursuance of the provisions of the statute ; and although this may become impossible by inevitable accident, yet we know of no principle of law that can relieve them from the payment of the debt. If, therefore, the principal die after a return of *non est inventus*, the bail are inevitably fixed(2). We are, therefore, of opinion that the plea in this case is insufficient, and that there must be

(1) 5 Co. 21, Laughler's case.

(2) 2 Mass. Rep. 481, Champion vs. Noyes.

*Judgment for the plaintiff.*