### DANIEL EMERSON *vs.* NUTTER BROWN.

A scire facias against bail, which contains no allegation that notice was given to the bail, as required by the statute of 1818, cap. 35, is bad on demurrer.

This was a scire facias, in which *Emerson* alleged that by the consideration of the justices of the court of common pleas, holden at Portsmouth, in this county, on the third Tuesday of January, 1819, he recovered judgment against *Isaac Brown* for $13 78 debt, and $12 85 costs of suit, as by the record appears ; that execution issued on said judgment, and was delivered to *J. B. V.*, a deputy sheriff, to be levied in due form, " who made his return *non est inventus* there-" upon, and returned the same into the said court of common " pleas, holden at Exeter, on the third Tuesday of August,

" 1819, when and where the same was returnable. And the " said *Daniel* averred, that the said *Isaac* did, during the " time said writ of execution was in force, avoid, &c., so " that he could not be arrested. And whereas *Nutter Brown*, " &c. became bail not only for the appearance of the said " *Isaac*, but for his satisfying the judgment, &c. ; the sheriff " was commanded to make known to said *Nutter* that he " appear, &c. and shew cause why the plaintiff should not " have execution against him for his said debt and costs," &c.

To this scire facias, *Brown* demurred, and the plaintiff joined in demurrer.

*Tenney*, for the plaintiff.

*Claggett*, for the defendant.

Richardson, C. J., delivered the opinion of the court.

By the statute of February 15, 1791, entitled " an act " regulating bail in civil causes," sec. 1, it was enacted, " that " where bail is given upon mesne process in any civil action " for the appearance of the party to answer the suit and to " abide the order or judgment of the court that shall be given " thereon, every such surety or sureties shall be obliged to " satisfy the judgment obtained against the principal, in " case of the principal's avoidance and return of *non est in-* " *ventus* upon the execution."(1)   The statute of 1818, cap. 35, entitled " an act in addition to an act entitled an act " regulating bail in civil causes," sec. 2, enacts, " that the " creditor in any civil action, intending to charge the bail in " such action, shall deliver his execution to an officer with " the name, &c. of the person, &c. who became bail in such " action, and the officer shall, at least fifteen days before " the return day of such execution, deliver to at least one of " the bail in said suit, or leave at his dwelling house or last " and usual place of abode, a notice in writing, stating that " such execution is in his hands, the amount of the same, " and when returnable, &c. ; and no return of *non est inven-* " *tus* shall be sufficient to charge the bail, unless the officer " also certify on said execution that notice as aforesaid was " given to the bail."   *2 N. H. Laws* 139,

(1) 1 N. H. Laws 116.

It cannot be doubted that this clause in the statute has made notice to the bail essential to the maintenance of a scire facias against them, and that it has made the certificate of the officer the only evidence admissible to prove notice. It is clear, then, that this scire facias, containing no allegation that notice was given to the defendant according to the requisitions of the statute, is defective in substance, and must be adjudged insufficient, if the statute of 1818, cap. 35, can be construed to embrace this case. It does not appear by the pleadings whether the defendant became bail before or after that act became a law; nor is it in our opinion material; because it does appear that judgment was rendered against the principal four months after that statute was in force. And as the provisions of the statute do not change the nature of the contract into which bail enter, but relate merely to the remedy by which the contract is to be enforced, we entertain no doubt that the statute embraces all cases of bail where judgment was rendered against the principal after the act took effect. There must, therefore, be

*Judgment for the defendant.*