#### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF STRAFFORD, FEBRUARY TERM,

### A. D. 1827.

---

## J. Goodwin *et al. versus* R. Smith.

A plea in bar to a *scire facias* against bail, that the principal on the first day of the term, when judgment was rendered against him, became sick, and so remained until after the return day of the execution, so that he could not have been removed without manifest danger of his life, and after the return day died, was held not to be a good plea.

The officer, who makes the return of *non est inventus* upon the execution against the principal, must state particularly in his return, what notice he gave to the bail : otherwise the bail cannot be charged.

In *scire facias* against bail the plaintiff was refused leave to amend, it appearing that the principal was, from the time of judgment against him, until his death, so sick that he could not safely be surrendered.

It has not yet been decided that a sheriff is liable for an insufficient return.

THIS was a *scire facias* against bail, in which it was alleged that the plaintiff, at the September term of this court here in 1824, recovered judgment against James Smith for $33 damage, and $8 44 costs of suit : and on the 7th January, 1825, sued out execution and delivered

the same to a deputy sheriff, who, on the 13th January, 1825, gave notice to the defendant, who was bail in the action, in writing, that he had the execution in his hands, the amount of the same, and when returnable ; and having kept the said execution in his hands until the return day made his return in the words following :—

"January 13, 1825 ; this day gave Reuben Smith, who was bail for James Smith, a written notice as by law directed, and he neglecting to deliver the within named James Smith, therefore, having kept this execution until the return day thereof, and not having seen said James, I return upon this execution *non est inventus*."

The defendant pleaded in bar that on the first day of the term, when said judgment was rendered, the said James Smith became sick, and so remained until after the return day of the said execution, so that he could not have been removed without manifest danger of his life, and that after the said return day, the said James Smith died.

To this plea there was a general demurrer and joinder in demurrer.

*Burleigh*, for the plaintiff.

*Emerson*, for the defendant.

RICHARDSON, C. J. It must now be considered as settled in this state as a general rule, that, if the principal die after a return of *non est inventus*, the bail are inevitably fixed. 1 N. H. Rep. 172, *Hamilton* v. *Dunklee*. And the question in this case is, whether the general rule is applicable in cases, where the principal may have been so sick from the time of the rendering of the judgment against him, until after the return of *non est inventus*, that he could not have been surrendered without danger of his life ?

It seems to be well settled, that whenever before a return of *non est inventus*, the surrender of the principal becomes impossible by the act of the government, the bail are discharged. Thus in the case of *Robertson* v. *Patter-*

*son*, 7 East, 405, the facts were that Patterson had been arrested and bailed in that suit, and afterwards impressed into the King's service, by which the crown acquired by law a right to the defendant's person, paramount to the right of the bail to take him. And it appearing that the bail were not indemnified, the court ordered an *exoneratur* to be entered upon the bail piece.

So in 6 D. & E. 50, *Merrick* v. *Vaucher*, the bail were discharged upon motion, the principal having been sent out of the kingdom under an act of parliament. 7 D. & E. 517, *Postell* v. *Williams* ; 13 East, 457, *Folkins* v. *Critico* ; 6 D. & E. 246, *Coles* v. *De Hayne*.

But a voluntary assumption by the principal of a situation, which exempts him from arrest, has been held not to discharge the bail. Thus in *Harrington* v. *Dennie*, 13 Mass. Rep. 93, which was *scire facias* against the defendant as bail of S. C. Hixon, the defendant pleaded that Hixon had, since his arrest, enlisted into the service of the United States as a sailing master in the navy, and was by law bound to do duty there. To this plea there was a demurrer. The court were of opinion that the principal could not by a voluntary assumption of such a duty defeat his contract or enable his bail to do it, and gave judgment for the plaintiff. 1 Burr. 339, *Bond* v. *Isaac*.

It has also been held, that, if the principal before the return of *non est inventus* be taken out of the power of the bail by judgment of law, the bail are to be discharged.

Thus in *Loflin* v. *Fowler*, 18 Johns. 335, it was moved that the bail might be discharged, the defendant having been arrested for passing counterfeit money in Vermont, and sentenced to the prison of that state for thirteen years—the court said "if the defendant has been taken out of the power of the bail by the judgment of law, he is in this respect as if he were dead," and the motion was granted. 4 Burr. 2034, *Fowler* v. *Dunn* ; 6 D. & E. 247, *Wood* v. *Mitchell* ; 2 Strange, 1217, *Case of the bail of Peter Virgin* ; 7 D. & E. 226, *Sharp* v. *Sheriff* ; 8 Mass. Rep.

264, *Parker* v. *Chandler* ; 16 do. 218, *Bigelow* v. *Johnson* ; 2 Johns. 482, *Bignell* v. *Forrest* ; 5 Taunt. 503, *Hodgson* v. *Temple* ; 1 Wilson, 248, *Chitty's case.*

In *Trinder* v. *Shirley,* Doug. 45, the bail of the defendant were discharged, he having become a peer by succession and it being no longer in the power of the bail to surrender.

So bail are entitled to be discharged if the principal obtains a certificate as a bankrupt at any time while the bail may surrender him in their discharge. 14 East, 599, *Mannin* v. *Partridge* ; 1 D. & E. 624, *Southcote* v. *Braithwaite* ; 1 Burr. 244 ; 1 Mass. Rep. 283 ; 2 do. 481 ; Cowper, 823.

In the case of *Winstanley* v. *Gaitskill,* 16 East, 389, the defendant being in custody under the process of another court, his bail in order to surrender him sued out a *habeas corpus,* upon which it was returned that by reason of a compound fracture of his leg he could not be removed without danger of his life ; the bail therefore moved for further time to produce him which was granted, the court saying that they would not permit him to be taken out of the custody of the law at the peril of his life.

But in the case of *Wynn* v. *Petty,* 4 East, 102, it was moved that the defendant's bail might have further time to surrender him upon an affidavit that if he were removed from Lancaster where he was confined by illness in due time for his bail to surrender him, it would endanger his life, but the court said that where one party must suffer by the act of God, they would not interfere, and refused the motion.

In the case of *Grant* v. *Fagan,* 4 East, 189, it was moved to enlarge the time for bail to render their principal, who being in France and about to return to England, had been detained by an edict of the French government contrary to the former usages of nations, but the court overruled the motion, saying " that the same excuse might as truly be made in the case of sickness of the

principal so as to make him incapable of removal without endangering his life, where, nevertheless, the bail are answerable."

Goodwin
et al.
v.
Smith.

We have attentively examined all the adjudged cases, which we have found to bear upon the question now under consideration, but have been able to find nothing which seems to us to give any countenance to this plea. Indeed, some of the cases we have cited show clearly that it cannot be supported. We are therefore of opinion, without stopping to enquire whether this plea is consistent with the officer's return, that it must be adjudged insufficient.

But it is contended on the part of the defendant, that the *scire facias* of the plaintiff is defective, and that a bad plea is a good answer to a bad *scire facias*. The objection to the *scire facias* is, that it is not avered, nor does it in any way appear that the officer made a return of the notice which he gave to the bail.

The liability of bail in this state is regulated by statute. The statute of February 15, 1791, 1 N. H. Laws, 116, enacts " that where bail is given upon mesne process, &c. every such surety or sureties, shall be obliged to satisfy the judgment obtained against the principal, in case of the principal's avoidance and return of *non est inventus* upon the execution." And the statute of June 23, 1818, enacts that the officer who has the execution against the principal, shall " deliver to at least one of the bail in such suit, or, leave at his dwelling house, &c, a notice in writing, stating that such execution is in his hands, the amount of the same, and when returnable." " And no return of *non est inventus* shall be sufficient to charge the bail, unless the officer also certify on said execution that notice as aforesaid was given to the bail.

No doubt seems ever to have been entertained that a return of *non est inventus* is necessary to be alleged in the *scire facias*. Amer. Prec. of declarations, 324 ; 15 Mass. Rep. 230 ; 7 ditto, 208, *Brown* v. *Wallace*.

And we have decided that a *scire facias* against bail, which contains no allegation that notice was given to the bail as required by the statute of 1818, is insufficient to charge the bail. 2 N. H. Rep. 347. But the question now occurs, whether it is necessary to allege in the *scire facias* a return of the notice by the officer? We think it is. It seems to us to stand on the same ground as the avoidance. And it seems to us to be as necessary to allege a return of the notice as of the avoidance.

In our practice, the return of the avoidance and of the notice is commonly alleged by setting out the officer's return, and this seems to be well enough. In this case the officer's return is set out verbatim, and the only remaining question is, whether that is sufficient? It states that the officer "gave a written notice as by law directed," but it does not state what the notice was.

Nothing can be clearer than that this return is insufficient. The statute requires that notice of certain things shall be given. When the sheriff has given notice, he ought to state particularly what notice he gave that the court may judge whether it were according to the statute. 1 Mass. Rep. 86, *Inhabitants of Lancaster* v. *Pope* ; 9 Mass. Rep. 242, *Davis* v. *Maynard*.

We are therefore of opinion that the defendant is entitled to judgment.

After the opinion of the court was delivered in this case the plaintiff moved for leave to amend the *scire facias*. But the court, being of opinion that under the circumstances the plaintiff ought not to be permitted to amend, overruled the motion.

It was then moved on behalf of the officer, who made the return upon the execution which issued against the principal, that he might be permitted to amend his return, and state the notice particularly which he gave to the bail. And it was urged that, although under the circumstances the plaintiff might not be entitled to leave to amend, the officer might be permitted to make his re-

turn conformable to the facts, and thus shield himself from an action on account of the insufficiency of his return.

*By the Court.* If the plaintiff has a right of action against the sheriff for the insufficiency of this return, it is very clear, that he ought not to be deprived of it by an amendment made at this time.

But it seems never to have been decided that an action can be maintained against a sheriff for an insufficient return. At least no form of a declaration in such a case has occurred to us in the books of entries ; nor have we found any adjudged case which gives any countenance to such an action.

But on the contrary, Comyn in his Digest, " Return F 3," says the sheriff shall be amerced, but an action on the case does not lie, for an insufficient return. Cro. Eliz. 512, *Palmer* v. *Potter* ; 1 Tidd's Prac. 257.

We have no hesitation in overruling this motion.