BLAKE *vs.* NILES & a.

Where the condition of a bond is for the personal performance, by the obligor, of one of two things, one of which may be done at any time within a limited period, and the other is to be performed, in default of the first, at the expiration of that time ; if, within the time, the performance becomes impossible, by the act of God, the condition of the bond is saved.

The condition of a bond was, that the principal obligor should apply to the proper authority, within a year, and take the poor debtors' oath, or surrender himself to the creditor at the expiration of the year. He died about a month after its execution.—*Held*, that he had the whole year in which to take the oath, and that by his death the performance was excused.

DEBT, upon a bond dated February 24, 1841. The action was submitted to the determination of the court upon a statement of facts.

The plaintiff having recovered judgment against Elijah Tuttle and John Nilès, caused them to be arrested upon the execution, and they, thereupon, in pursuance of the statute,

gave this bond, with the defendants as sureties, and were released from the arrest.    The condition of the bond was in the usual form, that the principal obligors should, within one year from the arrest, apply to the proper authority, and take the oath prescribed by law for poor debtors, or in default thereof should surrender themselves to the creditor, in the manner prescribed by law, at the expiration of the year.

Elijah Tuttle, one of the principal obligors, complied with the condition of the bond, by taking the poor debtors' oath, as prescribed by law, before the expiration of a year.    John Niles, the other principal obligor, died on the 20th day of March, 1841, not having taken the poor debtors' oath.

*Whipple,* for the plaintiff.

*Pierce & Fowler,* for the defendants.

PARKER, C. J.    No question arises upon so much of this bond as relates to the matters to be done by Elijah Tuttle. It appears that he performed the condition, so far as he was concerned.    The question is, whether the non-performance on the part of John Niles is excused by his death.

It is well settled that where the condition of a bond, recognizance, &c. is possible at the time of making the condition, and, before the same can be performed, the condition becomes impossible, by the act of God, or of the law, or of the obligee, &c. there the obligation is saved.    *Co. Litt.* 206, *a.*    Thus if a man be bound by recognizance, or bond, that he shall appear at the next term in such a court, and before the day, he dies, the recognizance or obligation is saved.    *Ibid.*    So where, being under a similar recognizance, he was taken violently sick before the day, confined to his house and bed, and could not be removed, and died after the day, it was held that the performance was excused.    8 *Cowen* 297, *The People* vs. *Manning.*    The principle is recognized also in *Mounsey* vs. *Drake,* 10 *Johns.* 29.

The present case is, in principle, like those above cited, with the exception that here the condition consisted of two parts, in the disjunctive, and, for aught which appears, Niles might have performed one of them in his life time. Nearly a month elapsed after the execution of the bond, and no reason is shown why he might not within that time have taken the poor debtors' oath.

But we are of opinion that this does not take the case out of the principle. From the nature of the case, it was intended that he should have the whole year in which to take the oath ; and he was bound, if he did not take it within that time, to surrender himself. His death, before the expiration of the time, deprived him of the power to take the oath within a portion of the time allowed him so to do by the provisions of the law, and prevented his surrender, in default of his having done so. As he was not required to take the oath before the 20th of March, there was no default on his part, and it is for that reason that the condition of the bond is saved.

In *Laughter's Case*, 5 *Co.* 21, it is held that where the condition of a bond consists of two parts, in the disjunctive, and both are possible at the time of the bond made, and afterwards one of them becomes impossible by the act of God, the obligor is not bound to perform the other part ; for the condition is made for the benefit of the obligor, and shall be taken beneficially for him, and he hath election to perform the one or the other, for the saving of the bond. But it is not necessary to consider how far that principle might apply in the present case.

It is sufficient for the decision of this case, that where the condition of a bond is for the personal performance, by the obligor, of one of two things ; one of which may be done at any time within a limited period, and the other is to be performed, in default of the first, at the expiration of that time ; if, within the time, the performance becomes impossible, by the act of God, the condition of the bond is saved.

The case of bail, when the principal dies after avoidance and return of *non est inventus*, stands upon a different ground. There the condition is forfeited by the avoidance and return, and the liability of the bail is fixed. There is a provision of the statute, however, on compliance with which the bail may still obtain a discharge. But this is no part of the obligation, and unless the bail complies with the terms, he cannot avail himself of its provisions. 1 *N. H. Rep.* 172, *Hamilton* vs. *Dunklee.*

*Judgment for the defendants.*