Bartlett *v.* Churchill.

---

BENJAMIN P. BARTLETT v. HARVEY Z. CHURCHILL.

*Assault and Battery. Evidence under the replication of de injuria to plea of son assault demesne. Referees.*

In an action of *trespass* for assault and battery, where the defendant plead *son assault demesne*, and the plaintiff replies *de injuria sua propria*, the plaintiff may prove that defendant used more force than was necessary, and that an excessive battery was committed.

And these pleadings present two questions of fact to be tried and decided; first, did the plaintiff commit the first assault; secondly, if so, did the defendant use any more force than was necessary in his defense.

And where, upon this issue, these facts are not found by the referees or the county court, and no question of law arising in the case, the supreme court will not decide whether the defendant is guilty or not guilty, for these are questions exclusively to be found by the referees or the county court; it being the duty of the supreme court only to decide upon such legal questions as may arise upon facts previously found to be true.

TRESPASS for assault and battery. Plea, *son assault demesne ;* the plaintiff replied *de injuria.* The suit was referred under a rule from the county court, and the referees reported the following facts:

" That on the third day of June, 1849, a colt of the defendant
" got into the meadow of plaintiff. The plaintiff sent his boy to
" the defendant, requesting him to take his colt out. The defend-
" ant went to the plaintiff's house and informed him that his fence
" was down, and that it would be of no use to take the colt out,
" unless the fence was repaired. The plaintiff denied that his
" fence was down, and both parties thereupon went to the place,
" where the affray complained of took place. It appeared that
" the fence was a line fence, running east and west between the
" parties, and that it was plaintiff's duty to keep that part of it,
" where the affray took place, in repair. The fence consisted of
" a quantity of loose stones drawn together and scattered along
" several feet wide, and one or more feet high, for the purpose of
" being builded into a wall, on which rails had been laid. At the
" time spoken of some three lengths of them were thrown down,
" so as to present no obstruction to said colt in passing over into
" plaintiff's meadow, and said colt was then in the said meadow.
" When the parties arrived at this point some conversation ensued
" between them, the purport of which did not appear, when the
" defendant who was on the south side of said fence and on the
" plaintiff's land, passed over the fence on to his own land, on the
" north side of said fence, and plaintiff commenced laying some of
" the rails on the wall. He had laid one or two rails on the wall, and
" had another in his hands, bringing it on to the wall, when the
" defendant stepped on to the wall, towards the south and near
" the west end of the rail, which the plaintiff had in his hands,
" which he held, as he stood with his face towards the north,
" nearer the west than east end of said rail, with the east end in-
" clining towards the ground; and as the defendant stepped on to
" the wall the plaintiff brought the west end of the rail round
" against him and pushed him back off the wall. The defendant
" immediately stepped back on to the wall, towards the plaintiff,
" when the plaintiff raised both hands to thrust him back. As he
" attempted to push him back, defendant caught him by the arm
" and brought him over the wall on to the defendant's land, and
" on to the ground, and held him down a short time, when he suf-
" fered him to get up. The plaintiff then advanced towards the
" defendant in a hostile manner, when the defendant pushed him
" off down the hill, (the ground being descending towards the

"east); the plaintiff advanced once or twice after that towards "the defendant in a threatening attitude, and the defendant pushed "him off with more violence and a greater distance each time, "and the last time, the plaintiff fell to the ground; the plaintiff "then advanced towards the defendant again, and as he advanced "picked up a stone, and raised his hand as if to throw it, when "the defendant sprang forward and seized him and threw him on "to the ground with some violence and held him down, when the "plaintiff asked him what he wanted. The defendant replied "that he wanted him to put down that stone; the plaintiff refused "to do so, when the defendant struck him several blows on the "side; the plaintiff then relinquished the stone, and the defendant "released him, and the parties separated. And that during this "affray, the plaintiff received some slight injuries on his face and "hip, and an injury in the back part of his neck, which has re- "sulted in rendering his neck stiff. It appeared that there had "been an unfriendly feeling between the parties for some time "previous to this affray.

"If from the foregoing facts and the pleadings in the case, the "court should be of the opinion that the defendant is guilty, the "referees find for the plaintiff to recover one hundred dollars dam- "ages, and his costs. If from the foregoing facts and the plead- "ings in the case, the court should be of opinion that the defend- "ant is not guilty, they find for the defendant to recover his "costs."

The county court, April term, 1851,— BENNETT, J., presiding, —*pro forma*, rendered judgment upon the report for the plaintiff. Exceptions by the defendant.

*Briggs & Conant* for defendant.

*S. H. Hodges* and *E. L. Ormsbee* for plaintiff.

The opinion of the court was delivered by

ISHAM, J. This case is brought here on a report of referees, on which the county court rendered judgment *pro forma* for the plaintiff. The question has arisen whether under the replication of *de injuria* to the plea of *son assault demesne* evidence can be received and a recovery had for an excessive battery. This re-

plication is considered merely as a simple denial of the facts stated in the plea, and the evidence should be confined to the facts there stated, as they only are put in issue by the pleadings.

Under the English practice and by a uniform course of decisions in their courts there can be no doubt that evidence of an excessive battery could not be received under this issue. A new assignment would be necessary, making the excessive battery the substantive ground of recovery, as they consider the only matter put in issue under such a state of pleading, is the inquiry, Who first commenced the assault?

A different rule has however been adopted in Massachusetts, 15 Mass. Rep. 365, and in New Hampshire, 2 N. H. Rep. 347; and also in this State in the case of *Elliot* v. *Kilburn,* 2 Vt. Rep. 474. In these last cases, the courts held the averment "that the "defendant used no greater force than was necessary for his de-"fense," to be the material part put in issue by the replication, and consequently evidence showing that more force was used, and that an excessive battery was committed, was properly admissible as being within the issue formed. The pleadings in this case are similar to those in the 2d of Vt. and the question now presented was there considered and decided, and we are not at liberty to treat the question as open for further consideration. So far therefore as the admission of testimony under this issue is concerned, there is no reason for reversing the judgment of the county court.

But from an examination of this case, as it appears from the exceptions and the report of referees, we think a rehearing must be had in the case, for the reason, that no facts are found upon which a judgment can be rendered under the issue formed by the pleadings. The pleadings present two questions of fact to be tried and decided. Did the plaintiff commit the first assault, and if so, did the defendant use any more force than was necessary in his defense?

On these questions the referees have made a special report of the testimony which they admitted and heard, and from which they should have found the facts whether the first assault was made by the plaintiff, and whether the defendant's battery was excessive. But these facts are not found in the case. The referees have expressed no opinion on the subject and have drawn no conclusions from the testimony whatever. There is no ques-

tion of law arising in the case.  The referees, after reporting the testimony, say, if the court are of opinion that the defendant is guilty then they find for the plaintiff, otherwise for the defendant. Now when no question of law exists, it is not for this court to say whether the defendant is guilty or not guilty.  That is a question exclusively to be found by the referees or the county court.  It has uniformly been held that this court can try no question that is to be ascertained by weighing evidence or drawing inferences therefrom.  It is the duty of this court only to decide upon such legal questions as may arise upon facts previously ascertained and found to be true.

Possibly the difficulty might have been avoided if the county court had drawn their inferences from the testimony and facts reported by the referees, or had they tried the case on the report and rendered a judgment thereon, as the facts might have been considered as impliedly found in such judgment.  But the questions not having been considered in either place, and the judgment being *pro forma* merely, we do not feel at liberty to give such an effect to the judgment.  The judgment of the county court must be reversed, so that on another trial, the facts involved in the issue of this case, may be found.