MARY E. DEVINE, *per Prochein Ami, v.* THEODORE C. RAND.

*Trespass. Damages: Evidence. Pleading.*

In actions *ex delicto,* if the act complained of is of a wanton, wilful and malicious character, damages beyond the actual loss to the plaintiff, are, by the great weight of authority, and particularly of modern authority, legitimate, and by the repeated decisions of this state, a matter of right under the discretion of the jury.

In such cases the intent being material, evidence of other acts of the defendant before and after the act alleged, but which tend to show his disposition and intention in the principal act, are admissible.

Evidence of such words and acts, which was objected to in the case, was properly admitted.

The defendant pled in justification that the force he used was but reasonable chastisement of the plaintiff, (who was a child he had received to bring up.) *Held,* that this plea raised the issue of his intent and made the evidence objected to admissible.

One count alleged that the defendant put the plaintiff naked into a trough filled with ice and water, and the plaintiff proved that after so putting her into the trough the defendant conducted her to the house, and before allowing her to dress, placed her over a stove, and as she trembled, whipped her and compelled her to stand there till she fell. *Held,* that although what occurred after she returned to the house was not alleged in the declaration, the whole must be regarded as one transaction and may be proved.

TRESPASS in five counts. The plaintiff charged the defendant with beating, kicking and in other ways abusing her. To some of the charges the defendant pled the general issue, and others he justified as having been done by way of moderate correction for misbehavior in her as a servant, she being a child about eleven years old that the defendant had taken to bring up. The plaintiff joined issue upon the general issues, and to the pleas in justification replied, " *de injuria,*" etc., upon which issues were joined. Trial by jury, April Term, 1865, BARRETT, J. presiding.

It appeared upon trial that the plaintiff went to live with the defendant in the town of Windham, in September, 1862. She gave evidence tending to support the several counts. The fourth count alleged that on the 22d of February, 1863, the defendant took off the plaintiff's clothes and put her into a tub filled with water and ice and kept her there for a long time.

The plaintiff gave evidence tending to show that sometime in the winter following the time she went to live with the defendant one

morning as she came down stairs, the defendant kicked her, rubbed his hands up and down her face till her nose bled : that the defendant soon after told her to come with him to the barn ; that she went with him to the trough of water there and while he cut open the ice she by his command took off all her clothes ; that he then took her and put her into the water in the trough and took her up several times ; that when he took her out the last time she could not stand ; that when she came to herself so she could stand, she walked to the house, without her clothes on, and with the defendant went to the shed of the house ; that the defendant immediately after going with her into the shed compelled her to pump five pails of water and put it into a tub, and that he then took a force pump, and with the assistance of his wife forced this water upon the plaintiff while she was naked, and compelled her to open her mouth and forced the water into it ; that when the water was exhausted he took her while she was yet naked and rolled her in the snow and down a snowbank ; that he then took her into the house and wiped her back with a towel, and that it felt as if the skin came of; that he then put a freestone upon the hot stove and stood her upon it and compelled her to stand there ; that it grew hot and that she began to tremble ; [that when she trembled he would tell her to stand still ; that she would reply that she could not stand still and that he would whip her with a stick and tell her to stand still ; that after a while it got so hot that she fell off from the stove on to some wood beside it ; that he then got her clothes from the barn and put them on. To this evidence, following the bracket, the defendant objected, on the ground that the evidence before given was applicable to the 4th count, and that this evidence was not admissible under any of the allegations in that count ; but the evidence was received. To this the defendant excepted.

Much other evidence was given by the plaintiff, which is for the purposes of this case, sufficiently referred to in the opinion.

The defendant's evidence tended to support his pleas.

The defendant among other requests which were complied with, requested the court to charge the jury that if the defendant chastised the plaintiff upon the occasions and for the causes set forth in his pleas in justification, and that those causes actually existed, as set

forth, the plaintiff was not entitled to recover for any trespasses done on the occasions justified, although such chastisement was unreasonable and excessive, because the plaintiff had not set forth such excess by way of new assignment. But the court declined so to instruct the jury, and as to that feature of the case instructed them that if they found the defendant's justification proved and that he moderately corrected the plaintiff on the occasion and for the causes set forth in his pleas in justification, the plaintiff would not be entitled to recover for the trespasses done on those occasions. But that if they should find that the defendant corrected and chastised the plaintiff for the causes and upon the occasions set forth in the pleas in justification, but that such chastisement was unreasonable and excessive, the plaintiff would be entitled to recover for the excess. The jury were specially instructed that under the declaration the plaintiff could in any event recover only for five instances of assault, and for only one instance under a single count. Verdict for the plaintiff.

To the refusal of the court to charge as requested, and to the part of the charge as to the necessity of new assignment for excess of moderate correction, the defendant excepted.

*Butler & Wheeler*, for the defendant.

I. The plaintiff's evidence should have been confined to the very occasions mentioned in the defendant's pleas. *Greenhow* v. *Illsley*, Willes 619 ; *Scott* v. *Dixon*, 2 Wils. 4 ; *Dye* v. *Leatherdale*, 3 Wils. 20 ; 1 Saund. [299] N. 6 ; 2 *ib.* [5] N. 3, [26.] ; 2 D. & E. 176 ; Chitty's Pl. 603 ; *Randle* v. *Webb*, 1 Esp. 38 ; 15 Mass. 351 ; 24 Vt. 220.

II. After the plaintiff had given evidence under each count in her declaration tending to prove an assault to which such count was applicable the court permitted her to give evidence tending to prove many other assaults, upon other occasions, and left it to the jury to select which they pleased limiting them only to as many assaults as there were counts. In this the court erred. *Stante* v. *Prickett*, 1 Camp. 473 ; 2 Green. Ev. § 86.

III. The plaintiff was permitted to give evidence to the jury tending to prove trespasses to which no count in her declaration was applicable. Its admission cannot be justified upon the ground that it was admitted for the purpose of showing malace in aggravation of

damages. B. N. P. 89; Esp. N. P. 417; *Lowden* v. *Goodrich*, Peake 45; 2 Green. Ev. § 268; 3 Am. Jur. 299, 305; *Hathaway* v. *Rice*, 19 Vt. 102.

Evidence of acts other than those declared upon is not admissible in any action to prove malice except in actions for slander and the like, where *malice* is of the *gist* of the *action*. Then it is not received to enhance the damages, but to support the plaintiff's case. *Charlter* v. *Barrett*, Peake, 22; *Mead* v. *Daubigney*, *ib.*, 125; *Lee* v. *Husson*, *ib.*, 166; *Cook* v. *Field*, 3 Esp. 133; *Bustell* v. *Macquister*, 1 Camp. 49 N.; *Farrierty* v. *Tipper*, 2 Camp. 72; *Bodwell* v. *Swan*, 3 Pick. 376.

The evidence as to damages, when *malice* is *not* of the *gist* of the *action*, should be confined strictly to the occasion declared upon. 3 Am. Jur. 293 *et seq.*; Sedg. Dam. 555, 562.

*C. B. Eddy* and *A. Stoddard*, for the plaintiff,

Maintained that the replication *de injuria* was a traverse of the whole plea and put the defendant upon proof of every material allegation contained in it. *Elliot* v. *Kilburn*, 2 Vt. 470; 24 Vt. 218; *Lander* v. *Seaver*, 32 Vt. 114; *Hannen* v. *Edes*, 15 Mass. 347; *Curtis* v. *Carson*, 2 N, H. —; 2 Green. Ev. § 633; Gould's Plea. ch. 7 § 26–30; *Bowen* v. *Parry*, 11 E. C. L. 433; *Barns* v. *Hunt*, 11 East. 451.

There was no error in the admission of the testimony objected to. 1st. It was admissible to show the physical condition of the child when the wrongs were inflicted upon her, and the emaciated condition to which she was thereby reduced. 2d. As evincing malice and showing motive.

The evidence was pertinent to the issue of moderate correction and as bearing both upon actual and exemplary damages. *Nye* v. *Merriam*, 35 Vt. 438; *Chesley* v. *Chesley*, 10 N. H. 327; 2 Green. Ev, § 89; *Bracegridle* v. *Osford et al.* 2 M. & S. 77; *Marest* v. *Harvey*, 5 Taunt. 442; *Huxby* v. *Berg et al.* 1 Starkey, 98, (2 E. C. L. 313.) The right to exemplary damages has long been settled in this state. *Nye* v. *Merriam, ubi supra.*

The opinion of the court was delivered by

STEELE, J. The court ruled that under the replication *de sua injuria* the plaintiff was entitled to recover for any excessive force

beyond reasonable chasetisement, of which they should find the defendant guilty.* The correctness of this rule the defendant now concedes, and the only exceptions urged are to the rulings of the court in the admission of the testimony objected to.

The plaintiff, after introducing evidence tending to prove the five distinct acts of trespass, counted upon in the declaration, proceeded against objection to prove other acts and words not alleged, some of which were so connected with the acts declared upon as to form a part of the transaction, and most of which were independent of these acts and occurred on other occasions during the period and about the time, in which the defendant is said to have committed the several trespasses with which he is charged. It is not pretended that the plaintiff could recover in this action for any trespasses not counted upon in the declaration. The question is, were the unalleged acts and words which were proven under objection, legitimate subjects of consideration, either in settling the amount the plaintiff should recover, or in determining her right to recover at all for the acts which were alleged.

I. What may be proven to affect the amount of recovery depends in great part upon what rule or principle of damages governs in the case. If the damages are limited to compensation, the proof must be limited to evidence of the nature and extent of the injury to be compensated. If the damages may be extended to punishment, the proof must be extended to evidence of the nature and extent of the offences to be punished. There is not necessarily any proportional relation between the injury and the offence. The injury to the plaintiff may be severe and yet the defendant's offence be comparatively slight, if it was occasioned by an error of judgment, lack of discretion, or *per infortunium.*

On the other hand the injury to the plaintiff may be slight and the defendant's offence be comparatively serious, if it arose from wanton malice or oppressive cruelty.

There is no question but there are very respectable authorities against the right of recovery in trespass of anything more than compensation to the plaintiff for the actual loss or damage he has suffered, and these authorities exclude all evidence of the intention, motive,

* *Elliot* v. *Kilburn,* 2 Vt. 470.

and character of the defendant's offence as immaterial. † Other au‑
thorities, while they disclaim the right of jurors in a civil suit to
give damages by way of punishment, or example, because these be‑
long to the government, as a fine, instead of to the party injured
as damages, still hold that the malice, wantonness, and wilful cruelty
of the defendant's act are material, on the ground that the *injury to
the plaintiff* is greater, if he is subjected to the insult, indignity and
oppression of a wilful, premeditated and unprovoked wrong than
when subjected to a wrong, which arose *per infortunium*, from mis‑
taken judgment, or even in the heat of natural anger. ‡ Still other
authorities insist that the jury may allow damages by way of pun‑
ishment, or smart money. ‖ This matter of damages, in actions *ex
delicto*, has been the subject of much discussion and grave difference
of opinion among jurists, but it is clear that it is of very little prac‑
tical consequence to either plaintiff or defendant, if damages are
allowed according to the wickedness or wilfulness of the act, whether
they are allowed upon the ground that the wickedness and wilfulness ·
of the act increases, or aggravates the injury to the plaintiff, or upon
the ground that the defendant should be punished in damages. Such
damages by the great weight of authority, and particularly of mod‑
ern authority, are legitimate, and by the repeated decisions of this
state, are a matter of right under the discretion of the jury. It has
even been held in a late case in this state, *Nye* v. *Merriam,* 35 Vt.
438, that such damages may be recovered in an action on the case
for deceit upon proof of wilful fraud. The objection urged to this
kind of damages is rather to the terms by which they are called,
viz : *exemplary, punitive, vindictive,* than to the right of the party
injured to recover them. The allowance of such damages depend‑
ing entirely upon the character and purpose of the defendant's acts,
the usual evidence must be admissible to ascertain the disposition
and intention which prompted them.

† *Vide* Esp. N. P. 417; Bul. N. P. 84–89; Peake's N. P. cases, 45–6.

‡ See 3 Am. Jur. 293 *et seq.* where this view is forcibly presented and the cases
collated by METCALF, J. This article is quoted in part in 2 Green. Ev. *passim.*

‖ *Day* v. *Woodworth,* 19 Curtis' U. S. 536, ( from 13 Howard,371;) Sedg. Dam.
39, 556, 476, *passim*; *Cable* v. *Daken,* 20 Wend. 172; 12 Conn. 580: 26 Conn.
355, 416; *Phila. W. & B. R. R.* v. *Quigley,* 21 Howard U. S. 202; *Hopkins* v. *At,
& St. L. R. R.,* 36 N. H. 9; *Peoria Bridge Association* v. *Loomis,* 20 Ill. 235;
*Mc Williams* v. *Bragg,* 3 Wis. 424; *Porter* v. *Seiler,* 23 Penn. State R. 424.

When the intent is material, says Mr. Greenleaf, "evidence of facts which happened before or after the principal transaction is admissible to show it." ¶ In this case several distinct successive acts, upon different occasions, are complained of, and the evidence, which is objected to, is of acts and words about the time of and between the principal transactions. Such acts and words certainly were not so remote in point of time as to be objectionable for that reason. Were they calculated to show the intent? That between the principal acts of abuse, and shortly after some of them the defendant held the child to the mirror, and called her attention to her sunken eyes and emaciated condition, and reminded her that he would soon see her stretched on a board; that he besmeared her with excrement, compelled her to drink urine, chained her to the stove, and left her in that condition for hours alone, dressed her in men's apparel, and then pinched, tortured and insulted her; all this was, we think, if credited, calculated to prove that the defendant's intention and disposition in the principal acts were wilfully malignant, and to show that these principal acts were prompted by a settled and persistent purpose of oppression and wanton cruelty.

II. The relevancy of proof of malicious intent in this case is the more apparent from the state of the pleadings and evidence. The defendant pleads in justification to some of the counts, that the force he used was but reasonable chastisement of the plaintiff for her misbehavior, and was administered for that purpose; that she was a child between eleven and twelve years old, whom he had received from her parents to bring up, and that she was subject to proper correction at his hands. The defendant has himself put his intention in issue by his pleading, and made it an issue independent of the matter of exemplary damages upon the main question of the sufficiency of his defence; for the plaintiff denies that this force was for correction, but says it was *de sua injuria*, and the defendant to justify must satisfy the jury that chastisement was the purpose of the force, he admits, and not merely the excuse for it. The defendant, under this plea of justification, testified that he administered no more correction than he thought reasonable and proper at that time,

¶ 1 Green. Ev. § 53; see also *Pierce* v. *Hoffman*, 24 Vt. 527; *Long* v. *Chubb*, 24 E. C. L. (5 Car. & Payne, 55) 209.

" although he might have erred in judgment." The plaintiff might recover for excess of force, and in such a contingency to ascertain, according to the rules above stated, what damages should be given for it, it was very important to decide whether the defendant erred in judgment, or was actuated by persistently malicious feelings towards the plaintiff.

III. The evidence which was admitted under the fourth count against objection, is admissible not only upon the grounds we have stated, but also as a part of the principal transaction. The defendant after putting the plaintiff naked through the ice into a trough of water, conducted her to the house, and before allowing her to dress, placed her over a stove, and as she trembled whipped her, and compelled her to stand there till she fell. What occurred after she returned to the house is not alleged in the declaration, but occurring in connection with the immersion, and very probably in consequence of it, and before the defendant left her, or allowed her to dress, it must be regarded as one transaction, and may be proved. It is not necessary to allege all the circumstances of a trespass with the same particularity as would be required in declaring upon the independent stipulations of a contract.

The judgment of the county court is affirmed.