FRANÇOIS SOUTER *et ux. vs.* ARTHUR A. CODMAN *et als.*

An owner of land may enter on it and expel with reasonably necessary force a wrongful oc-
cupant without being liable in trespass *quare clausum,* or for assault and battery, or for
injury to the occupant's goods, even if the force used would subject the owner to an indict-
ment at common law for breach of the peace, or under the statute for forcible entry.

When it appears in trespass *vi et armis* brought by husband and wife that the action is
clearly for the wife only, allegations in the declaration proper to an action by the husband
only and improper in the action brought may be rejected as surplusage.

The replication *de injuriâ suâ propriâ* is good to a plea of excuse, but bad to a plea of right.

*Query,* whether this distinction is not over refined.

When a replication violated this rule, but was complete though inexplicit and was demurred
to generally :

*Held,* that the demurrer should not be sustained.

TRESPASS *vi et armis.* On demurrers to the declaration and
to the replication.

*Providence, February* 15, 1883. DURFEE, C. J. This is tres-
pass by husband and wife, for assault and battery committed on
the wife, to recover damages for injuries suffered by her. The
declaration contains three counts, which with differences of phrase-
ology and specification set forth the same cause of action. The
defendants demur to the declaration and contend, on the strength
of certain allegations, that it is bad for misjoinder, in that it con-
tains, along with matters for which an action will lie in favor of
the wife, matters which constitute causes of action only for the
husband. We think, however, that the action is clearly for the
wife only, and that any allegations contained in the declaration
which are not proper to such an action may be rejected as sur-
plusage. The demurrer is overruled.

The defendants plead the general issue and two special pleas in
justification. The first special plea alleges in effect that at the
time of the alleged trespasses the defendant Codman was lawfully
possessed of a certain dwelling house, and that the plaintiffs un-
lawfully entered it and created a disturbance in it, and being
requested to depart refused, and that, thereupon, the said Codman
and the other defendants or his agents or servants gently removed

them; such removal being the trespasses complained of. The second special plea is like the first, except that instead of alleging that Codman was possessed of a dwelling house, it alleges that he was the owner of the close and freehold in which the supposed trespasses are alleged to have been committed. The plaintiffs reply that Codman was not possessed, &c.; that the plaintiffs did not unlawfully enter, &c.; but that the defendants of their own wrong and without the causes by them alleged, &c., committed the trespasses declared on. The replication, though a little redundant in its averments, is in effect simply that which is technically denominated *de injuriâ suâ propriâ absque tali causâ.* The defendants demur to it generally.

"The rule is," says Chancellor Kent, "that the general replication *de injuriâ* is bad when the defendant insists on a right, and is good only where he pleads matter of excuse." *Lytle* v. *Lee,* 5 Johns. Rep. 112; *Crogate's case,* 8 Rep. 66; *Hyatt* v. *Wood,* 4 Johns. Rep. 150, 159; *Plumb* v. *M'Crea,* 12 Johns. Rep. 491; *Allen* v. *Crofoot,* 7 Cow. 46; *Griswold* v. *Sedgwick,* 1 Wend. 126. The replication here does not observe the rule, since the defendants insist on a right. In strictness of pleadings the plaintiffs ought either directly to traverse the right or to confess and avoid it, or, if they merely assert the use of excessive force, they ought to new assign for the excess. The issue or issues to be tried would thus be eliminated and clearly defined. The fault of the replication, however, is not that it is deficient in completeness, for it covers the whole plea, reaffirming the trespasses complained of, and negativing in general terms the justification, but that it is too inexplicit, a fault of form rather than of substance. Indeed the distinction between matter of right and matter of excuse savors more of refinement than utility. In *Lytle* v. *Lee, supra,* it was held that the fault could not be taken advantage of after verdict on motion in arrest of judgment. And see *Bartlett* v. *Churchill,* 24 Vt. 218; *Devine* v. *Rand,* 38 Vt. 621, 627; *Harrison* v. *Harrison,* 43 Vt. 417; *Hannen* v. *Edes,* 15 Mass. 347; *Curtis* v. *Carson,* 2 N. H. 539. We think therefore that the demurrer being general does not reach the fault, and therefore cannot be sustained. And see Pub. Stat. R. I. cap. 210, § 4.

The plaintiffs contend that not only is the replication good, but

that the special pleas are bad. If this be so they are entitled to set up the fault under the general demurrer. One count of the declaration avers that at the time of the alleged trespass the plaintiffs were peaceably domiciled in their house, the female plaintiff being sick in bed in one of the rooms. Another count avers that the defendants broke the outer door of the house and the door of her bedroom. The plaintiffs contend that if they were in peaceable possession, the defendants, though themselves entitled to the possession, cannot justify a personal trespass on them to recover it. The case has been argued principally on the question thus raised, though it may be doubted if the question be fairly presented by the pleadings. The defendants apparently assuming that it is presented contend that the true statement of the law is that which is made by Mr. Washburn in his work on Real Property, to wit: "If the owner of land wrongfully held by another enter and expel the occupant, but makes use of no more force than is reasonably necessary to accomplish this, he will not be liable to an action of trespass *quare clausum,* nor for an assault and battery, nor for injury to the occupant's goods, although in order to effect such expulsion and removal it becomes necessary to use so much force and violence as to subject him to an indictment at common law for a breach of the peace, or under the statute for making forcible entry." 1 Washburn Real Property, *396. This statement is fully supported by the decision of the Supreme Judicial Court of Massachusetts in *Low* v. *Elwell,* 121 Mass. 309. It is likewise supported by the main current of modern decision both English and American, though there are decisions both English and American which are inconsistent with it. *Turner* v. *Meymott,* 1 Bing. 158; *Butcher* v. *Butcher,* 7 B. & C. 399; *Lows* v. *Telford,* L. R. 1 App. Cas. 414; *Blades* v. *Higgs,* 10 C. B. N. S. 713; *Davis* v. *Burrell,* 10 C. B. 821, 825; *Burling* v. *Read,* 11 Q. B. 904; *Davison* v. *Wilson,* 11 Q. B. 890; *Harvey* v. *Brydges,* 14 M. & W. 437; *Manning* v. *Brown,* 47 Md. 506; *Sterling* v. *Warden,* 51 N. H. 217; *Krevet* v. *Meyer,* 24 Mo. 107; *Fuhr* v. *Dean,* 26 Mo. 116; *Todd* v. *Jackson,* 26 N. J. Law, 525. See, also, 4 Amer. Law Review, 420, where the cases are carefully examined and criticised with the conclusion that the law is as stated by Washburn. The cases cited by the plaintiffs to a contrary doctrine are all except

*Dustin* v. *Cowdrey*, 23 Vt. 631, and *Parsons* v. *Brown*, 15 Barb. S. C. 590, proceedings for forcible entry and detainer, and cannot be regarded as authority for the ordinary common law action of trespass. The strong argument against the rule laid down by Mr. Washburn is, that it is dangerous to the public peace. The answer to the argument is, that for criminal offences the criminal law affords the proper remedy, and that the unlawful occupant ought not to be permitted to treat the rightful owner, who simply asserts and maintains his right, as a trespasser out of regard for the public peace. Our conclusion is that this view is correct. The special pleas will therefore stand.                         *Demurrers overruled.*

O. L. *Bosworth*, for plaintiffs.

*Colwell & Colt*, for defendants.