The opinion of the Court was afterwards delivered by
Parsons, C. J.
To this scire facias the defendant pleads in bar of the execution. The substance of the plea is, that the principal is a certificated bankrupt; that the original judgment was for a debt he owed the plaintiff before the bankruptcy, and which might have been proved under the commission ; and that the certificate has been allowed since the rendition of the judgment. To this plea there is a general demurrer and joinder. * If [ * 483 J *434 the facts thus pleaded are sufficient in law to excuse the bail from satisfying the judgment, and from surrendering the principal, the plea is good; otherwise, the plaintiff must have his execution.
In determining this question, it will be necessary to examine the cases at common law, and the English statutes of bankruptcy, which apply to the bail of a certificated bankrupt; and to compare them with our own laws relating to this subject.
As to bail in civil actions at common law, when the defendant is arrested on a copias, and holden to special bail, he must give bail by bond to the sheriff, conditioned that he shall appear according to the exigence of the writ. On this bond, although the principal is in the custody of his bail, yet they cannot surrender him to the sheriff; but, to save the bond, the defendant must appear and put in bail to the action. This bail by bond is called the bail below. If the condition of the bond be broken, and a remedy be sought on the bond, it must be by action of debt in the name either of the sheriff or of the plaintiff, to whom it may be assigned. If the defendant appear and put in bail above, or to the action, it must be done by way of recognizance before the court, or some judge, or a commissioner, which is afterwards filed, so as to be of record. The condition of the recognizance is, in substance, that the principal shall pay the debt, or surrender his body to be taken in execution, or that the debt shall be paid by the bail. If the bail surrender the principal before judgment, or after judgment and before non est inventus be returned on the copias ad satisfaciendum, the condition of the recognizance is not broken, (a) So if, before that return be made, the principal be taken from the custody of the bail by death, or by the operation of an act of Parliament, which they could not control, the recognizance is saved at law. But by the practice of the courts in Westminster Hall, founded on their own rules, if, after the recognizance be forfeited at law, the bail shall, within the time prescribed by their rules, surrender to the court the principal, that he may be committed to be charged in execution by the plaintiff, the bail shall be discharged. (b) If the judgment re [ * 484 ] main in force, the bail are said to be fixed to the * pay ment of it, when they cannot obtain a discharge, either at law, or ex gratia, by virtue of the rules of court. Therefore, if the principal die after non est inventus be returned on the copias ad satisfaciendum, the bail are then fixed, for they cannot after- *435 wards surrender him. So, if the time indulged by the rules for surrendering the principal be elapsed, the bail are then also fixed; for at all events they are liable to satisfy the plaintiff’s judgment. (a)
If we compare these provisions with our laws, "we shall observe a great difference in form, although similar principles may in most jases regulate the practice.
In this state the original writ, on which a defendant may be liolden to bai, is an authority to the sheriff, not only to attach him by his goods or estate, but, for want thereof, by his body, to appear and answer to the plaintiff, agreeably to the exigency of the writ. If the defendant, having his body attached, would give bail, it must be given by bond to the sheriff, with a condition that the defendant shall appear and answer the plaintiff, and further, that he shall abide the order and judgment of the court in the action, and shall not avoid. The effect of this condition is, that the defendant shall satisfy the plaintiff’s judgment, or surrender his body to be taken in execution, or that the bail shall pay the debt. This bond, thus given, when returned by the sheriff, has immemorially been considered so far a matter of record, that the plaintiff may sue out a scire facias on it in his- own name against the bail. And this practice was sanctioned by a provincial statute passed as early as the 5 W. and M. (b)
The bail thus given answers the same purposes as the bail below, and the bail above, at common law; and nothing is a breach of the condition of this bond which is not also a breach of the candi tian of the recognizance of the bail. Until the writ is returned, the principal, although in the custody of the bail, cannot be surrendered by them to the sheriff. After the writ is returned, and before final judgment, the bail may surrender the principal to the court in which the suit is pending, and be discharged; and the principal, when surrendered, * shall be committed [*485] to the prison of the county, there to remain until thirty days after the rendition of the judgment, — to be charged in execution, unless, before judgment, he gives new bail to the sheriff by bond as aforesaid, which, if forfeited, may be the foundation of a scire facias against the bail.
In twenty-four hours after the rendition of judgment, an execution may issue; of which there is but one form, where the defend ant may be liolden to bail on the original writ.
*436 This execution the sheriff may execute as a copias ad satisfaciendum, by arresting the body of the defendant; or as a fieri facias, >y which the debt or damage may be levied of his goods ; or as an extendi facias, by- which his lands may be assigned to the plaintiff to hold in fee simple, or the rents and profits, in certain cases, be received, until the judgment is satisfied. If, after issuing the execu tian, and before the return, the bail surrender the principal to the sheriff holding the execution, the bond is saved at law, and the sheriff is obliged to commit him in execution. It is also saved if the principal die before the return, for now it has become impossible, by inevitable accident, for the bail to surrender him. And it is enacted by the statute of June 30, 1784, (which is a revision of former provincial acts,) that if the bail, at any time after the execution be returned unsatisfied, with non est inventus endorsed thereon, and before judgment be entered against them upon the scire facias, surrender the principal in court, so that he may be committed to be charged by the plaintiff in execution, the bail shall be discharged, they paying the costs which had then accrued on the scire facias. The bail, also, are not liable if the scire facias be not served on them within one year after the rendition of the judgment. But the death of the principal at any time after the execution shall be returned unsatisfied, and non est inventus endorsed, will not discharge the bail. The bail then, in this state, are not fixed until judgment against them, unless by the death of the principal after the return of the execution: for on either event they are obliged to satisfy the plaintiff’s judgment; and until one of these events shall happen, they are contingent, and not absolute, sureties for the debt.
[ *486 ] * We may remark two other differences, in the proceedings against bail in the courts of this state, from the proceedings in Westminster Hall. If the plaintiff obtain judgment against the bail, his execution shall be not only to the amount of the former judgment, but also for the interest thereon from the time when that judgment was rendered until the award of execution upon the scire facias. The other difference is important in the decision of this cause. In Westminster Hall, as the privilege of the bail to a discharge, on surrendering the principal after the return of the copias ad satisfaciendum within the limited time, is derived from the rules of the court, so their remedy to obtain a discharge in this case cannot be by plea to the scire facias, but by motion to the court to stay proceedings, which is granted ex gratia: so also a discharge, by reason of any collatera. matters happening after the recognizance is forfeited at law, must be obtained on motion, not on plea. But in this state it is the right of the bail to be discharged *437 on surrendering the principal before judgment against them on a scire facias; and this right is founded on a statute, and is not ex gratia: the bail may therefore plead in bar to the scire facias, if the proceedings be not stayed, any matters sufficient to obtain their discharge. Thus, solvit post diem to a bond conditioned for the payment of money, being a plea founded on statute, is a good bar to an action on the bond, although it is admitted by the plea that the bond is forfeited. As a consequence of this last distinction, the bail, if not become absolutely liable to the plaintiff for the pay inent of the debt, may plead, in bar of the scire facias, that an alias execution issued, on which the principal had been taken in execution ; or that, since the return of the first execution, the principal had satisfied the judgment; or that the plaintiff hath released it; or that it hath been reversed, or legally discharged.
Let us now consider the act of Congress establishing a uniform system of bankruptcy throughout the United States.
In the 34th section it is enacted that every bankrupt, conforming in all things to that act, and obtaining a certificate of his discharge, shall be discharged from all debts due or owing * before he became bankrupt, and which were, or might [ * 487 ] have been, proved under the commission, unless the certificate was obtained unfairly or by fraud, or that the bankrupt had concealed effects to the amount of one hundred dollars. But this discharge is not to extend to a partner, or to one jointly holden or bound with the bankrupt.
The 38th section provides that, if any bankrupt be in execution on a judgment for a debt due before the bankruptcy, but rendered afterwards for want of a certificate, he shall, on the allowance and production of the certificate, be discharged, without payment of any fee or reward'.
Provisions similar to these are contained in the English statutes of 10 Anne, c. 15, sect. 3, and of 5 Geo. 2, c. 30, sect. 7. Ad judged cases, therefore, on this subject may be considered as in point, and, so far as they are conformable to our jurisprudence, they deserve particular attention.
From the allegations in the plea, which are confessed by the demurrer, it appears that the p.aintiff’s judgment is within the act of Congress. The debt was cue before the bankruptcy, and might have been proved under the commission; and the judgment was obtained before the allowance of the certificate. There is no suggestion that the certificate was unfairly or fraudulently obtained, or that the bankrupt had been guilty of any concealment. The principal is therefore discharged from this judgment; and were he now in execution, it would be the duty of the Court to dis *438 charge him from prison, he producing the certificate; and the bail, not being partners with the principal, nor jointly held or bound with him for the same debt, are not within the restricting clause of the act.
Upon the reason of the cases of Woolley & Al. vs. Cobbe, (4) and Cockerill vs. Owston, (5) the bail, not being in this action absolutely liable to the plaintiff for the debt, ought to be discharged without surrendering the principal. The plaintiff having no longer any remedy against the principal, it would be unreasonable to permit him to proceed, and make the bail absolutely [ *488 ] *ho!den to satisfy his judgment, which is now legally discharged. If the bail were already fixed, the plaintiff might justly consider them as his debtors on their own contract, and the certificate having no retrospective effect as to the bail, they could derive no relief from it. It may further be observed that, in this case, the bail might obtain their discharge without applying to themselves the benefit of the certificate : for, on surrendering the principal, and paying the costs of the scire facias, they would be entitled to a discharge ex debito justitice. Whenever a surrender of the principal is necessary, it is done for the benefit of the plaintiff', that, by charging him in execution, he may hold his body as a pledge for his debt. Were the principal in this case surrendered, the Court could not commit him; or, if committed, he would the next moment be entitled to his discharge. To surrender him, under these circumstances, would be expensive to the bail, oppressive to the principal, and useless to the plaintiff. A surrender, therefore, in this case cannot be necessary; and where the bail are discharged, without surrendering, the principal, no costs are given to the plaintiff on the scire facias.
In the cases before referred to in Burrows, the remedy was sought by motion, conformably to the practice in Westminster Hall. Here it is sought by plea, because the right of the bail is given by statute, and deciding the cause on plea is more convenient to the parties — as the necessary issues, in fact or law, may be regularly joined and tried. But on motion, the Court must ascertain the i’acts by. affidavit, and determine the law without remedy by appeal or error.
An issue in law being joined in this case, we are of opinion, and the judgment of the Court is, that the plea in bar is good, and sufficient in law to preclude the plaintiff from having execution. (a)

 Rice & Al. vs. Carnes, 8 Mass. Rep. 490.— Walker vs. Haskell, 11 Mass. Rep 177.— Harrington vs. Dennie, 13 Mass. Rep. 93.—Bartlett vs. Foley, 5 Mass. Rep 373. — Cooledge & Al. vs. Cary, 14 Mass. Rep. 115.— Ryan vs. Watson, 2 Greenl 382. — Davidson vs. Mull, 1 Hay. 364. — Pearce vs. Parson, 1 Murph. 188

 Bigelow vs. Johnson, 16 Mass. Rep. 218.—Parker vs. Chandler, 8 Mass. Rep 264. — Dixon vs. Vanezara, 1 M'Cord, 373. — Arthur vs. Antonio, 1 Nott & M’C. 251

 Rice & Al. vs. Carnes, 8 Mass. Rep. 490.—Harrington vs. Dennie, 13 Mass. Rep. 93.—Swett & Al. vs. Sullivan, 7 Mass. Rep. 342; and Bradford vs. Earle, 4 Pick. 120. — Herrick vs. Richardson, 11 Miss. Rep. 234.— Hall & Al. vs. Williams & Al. 6 Pick. 232. — Parker vs. Bedwell, 3 Con. R. 84.

 Bean vs. Parker & Al. 17 Mass. Rep. 561.

 1 Burr. 244.

 Ibid. 436.

 Vide note to Sayward & Al. vs. Conant & Al. 11 Mass. Rep. 146, 3d ed — Schroeaer on Bail, 155—157, and the cases referred to in the notes.— Campbell vs. Palmer 6 Cowen, 596.