Parker, C. J.,
delivered the opinion of the Court. It is well settled, that whatever would render the arrest unlawful, or ineffectual by operation of law, the bail may show in answer to the scire facias. The case cited from Douglas is strong to this point. A rule was obtained, to show cause why an exoneretur should not be entered on the bail-piece, the principal having become a peer by succession. The ground of the motion was, that it was no longer in the power of the bail to surrender the principal; and the rule was made absolute.
It is true, that, in the case cited, this motion was made in the original action ; and the defence now set up is to the scire facias. But by our statute respecting bail, (2) the principal may be surrendered upon the scire facias; and when the bail is deprived of this privilege by the operation of law upon the acts of the principal, it seems to be * reasonable, that he should have opportunity to show it by plea.
In the case of Champion vs. Noyes, also cited in the argument, in which the doctrine relating to bail in this State is intelligibly and learnedly explained; it is held, that the bail are not fixed, until judgment against them upon scire facias, unless the principal die after non- est inventus returned ; that, not being fixed, they have a right to plead any thing which will go in discharge of the debt. And, by parity of reason, if the laws of the land protect the principal from arrest, the bail may show it, because the legal effect of the scire facias is, to compel him to bring in the body of the principal ; and the judgment against him is because he has failed to do this. Now it is a common principle, that, when a man is bound to perform a contract, which becomes impossible by the act of God, or unlawful by statute, after the making of the contract, he is excused from the performance ; and may plead such matter in excuse, when sued upon his contract.
This course of reasoning, however, applies to cases in which, by some involuntary privilege or disability happening to the principal, the bail are deprived of the custody of his person ; so that he cannot be surrendered, or, if surrendered, must be discharged upon motion, or upon habeas corpus.
*81 The bail-bond constitutes a contract, the essence of which is, that the principal shall be brought into court, that he may be taken in execution, or that he shall be otherwise found within the precinct of the sheriff; and the legal penalty for the breach of this contract is a satisfaction of the judgment by the bail themselves.
To admit that a principal, by a voluntary assumption of a duty or office which may exempt him from arrest, may defeat this contract, or enable his surety to do it, without the consent of the party interested, would be to violate the common principles of justice, as well as the faith of engagements.
* The bail repose confidence in the debtor ; the creditor does not. The hazard of avoidance, either by absconding ar by assuming an office which secures him from arrest, belongs to the bail, and not to the creditor. Such an event may well be considered as within the fair intention of the creditor to be secured against; for his want of confidence in the principal was the cause of the original arrest. The cases cited for the defendant are all of an involuntary change of circumstances, bringing with them a freedom from arrest, or a right to be discharged, as in the case of succession to a peerage. The principle decided in Champion vs. Noyes is, that, when the debt is discharged, the bail shall go free. And this is just and lawful; for the body was only pledged for the debt, and the bail was only a pledge for the principal.
The question in the case at bar has already been decided in the case of Sayward & al. vs. Conant & al. ; (3) and this discussion would have been unnecessary, had the reasons of that judgment been stated, when it was rendered.

Plea in bar adjudged bad.

Note. The bail afterwards surrendered the principal, who thereupon moved to be discharged ; which motion not succeeding, the judgment was immediately paid and satisfied.

 Slat. 1784, c. 10.

1-10"> 11 Mass. Rep. 146.