EPHRAIM CRAGGIN *versus* JOHN F. BAILEY.

If neither of the alternatives of the condition of a poor debtor's bond be performed within the six months, the surety is not discharged from his liability by the principal debtor's filing his petition in bankruptcy before the expiration of the six months, and, after that time, obtaining his certificate of discharge as a bankrupt, under the bankrupt law of the United States.

DEBT on a poor debtor's bond, dated August 25, 1841, given to the plaintiff by the defendant and Willard Bailey, to procure the release of the latter from arrest on an execution in the plaintiff's favor against him. Willard Bailey did not perform either of the alternatives named in the condition of the bond within the six months. If the defendant was entitled to

Craggin v. Bailey.

give the same in evidence, it was agreed by the parties that on Feb. 15, 1842, Willard Bailey filed his petition in bankruptcy ; that on April 5, 1842, he was declared a bankrupt ; and on August 8, of the same year, he received his certificate of discharge as a bankrupt, under the provisions of the United States late bankrupt act. It is unimportant to state the facts or arguments bearing on the question of damages, as the decision of the Court on the same point was made in another case. The Court were authorized to enter a nonsuit or default.

*Lancaster*; for the plaintiff, contended, that the proceedings in bankruptcy were not admissible in evidence, because they do not show a performance of either part of the condition of the bond, and because they were irrelevant, the bond not being forfeited at the time the petition was filed, and so not a debt proveable under the commission. 2 B. & A. 802 ; 5 B. & A. 250 ; 1 Burrow, 436.; 3 B. & A. 521 ; Cowp. 24 ; 4 Scott. N. S. 287 ; Petersdorff's Abr. 641.

If the proceedings are admissible, they cannot operate as a discharge of the surety, for the discharge was not obtained until long after the bond was forfeited, and the defendant had become liable, and because it was uncertain at the time the bond was forfeited, that a discharge would ever be obtained.

But if Willard Bailey is discharged, the defendant is not. The proviso in the bankrupt act saves the liability of sureties.

The decisions under the bankrupt act of 1800 do not apply, because there is a very material difference between the two acts ; and decisions respecting the liability of bail rest on entirely different principles, and have no pertinency in the present case.

*J. L. Child*, for the defendant, contended that the discharge of Willard Bailey, the principal, as a bankrupt, was a complete bar to the present suit.

All proceedings in bankruptcy relate back to the time of filing the petition. Law Reporter, Vol. 5, pages 12, 307, 328, 363, and 367. All the property which he then had, vested

in the assignee, when appointed; and whether he obtains his discharge or not, all the assets go to the assignee, and are distributed under the bankrupt law.

The discharge, as shown by the certificate, is a discharge of the debt, as of the day of the presentation of the petition in bankruptcy. The certificate itself is conclusive on that point, and cannot be drawn in question in the state courts, the United States courts having exclusive jurisdiction of the subject matter of the adjudication. Bankrupt Act, § 6; 5 Binn. 247; 2 Day, 70; 4 Day, 79; 6 Law Reporter, 93. All matters touching the administration of the bankrupt law, belong to the bankrupt court. In an action on the bond, the record of the discharge of the insolvent is conclusive as to his compliance with all things required by law to entitle him to a discharge. 14 Serg. & R. 173; 3 Petersd. Abr. 667, 670.

A discharge of Willard Bailey from the debt, is the same thing as discharging the debt, because he alone was holden for it. The bond is only a substitute for the detention of the body of the principal, is but collateral to it, and is not a satisfaction of the judgment. *Spencer* v. *Garland*, 20 Maine R. 75; *Hathaway* v. *Crosby*, 17 Maine R. 449. The bond is not a joint and several contract, for in such case each could perform the conditions. Willard Bailey only could perform, and the defendant was merely the surety for his performance. And at best, for the plaintiff, it was but a contingent liability, and the contingency never happened. Before any liability of the surety became fixed, the debt itself was discharged, and the defendant's liability was as fully gone, as if the debt had been paid in money.

These bonds have a striking analogy to bail bonds, and the decisions which govern in relation to bail bonds, will be pertinent on these bonds. Bail are entitled to a discharge when the principal is protected from arrest by law. 13 Mass. R. 94; 2 Mass. R. 433; 11 Mass. R. 46. Or committed to prison for life, or for a long term. 6 Cowen, 599; 1 Johns. Cas. 28; 16 Mass. R. 217; 18 Johns. R. 335; 5 Binn. 352; 1 Chip. 153. Bail are regarded as sureties, and are discharg-

ed by any arrangement, which would discharge a surety. 10 Johns. R. 587. The discharge of the principal under a bankrupt or insolvent law, before the bail are fixed, entitles them to an *exoneretur,* and that without a surrender. 2 Bailey, 492 ; 1 Caines, 9 ; 2 Johns. Cas. 403 ; 2 Mass. R. 481 ; 1 Mass. R. 292 ; 1 Harrington, 367, 466 ; 1 Burr. 244, 436 ; 3 Johns. R. 465 ; 3 Gill & J. 64 ; 1 Halst. 149 ; 3 Petrsd. Abr. 149 ; 9 Wend. 462 ; 21 Wend. 670 ; 4 Johns. R. 407 ; 1 Brown, 258 ; 22 Wend. 613 ; 5 Cowen, 290 ; 1 Bald. C. C. R. 297 ; 9 Wheat. 680 ; Co. Lit. 206 (a.)

The plaintiff could have proved his debt under the bankruptcy, and have obtained his dividend, but the defendant could not. The right of a surety to prove does not arise until he pays. 1 Metc. 387 ; 4 Mass. R. 96 ; 2 Hayw. 247 ; 6 Johns. C. R. 266 ; 2 Dall. 236 ; Chitty on Con. 186 ; 3 Metc. 363.

There is one case in Massachusetts under the bankrupt law of 1800, directly in point and in our favor. *Champion* v. *Noyes,* 2 Mass. R. 481.

*Vose,* on the same side.

The opinion of the Court was drawn up by

TENNEY J. — The defendant, John F. Bailey, was surety for Willard Bailey on a bond executed to obtain the discharge from arrest of the debtor, in the execution in favor of the plaintiff against said Willard Bailey. It is contended by the defendant, that the bond being for a larger sum, than the statute allows in such cases, it fails to be a statute bond, and therefore the plaintiff can recover no greater damages than those, which he has actually sustained by a breach of the condition. This question has been examined and settled in this county in the case of *Horn* v. *Nason & al.*

The defendant also claims to be exonerated on account of the discharge of the principal in the bond under the United States bankrupt act of 1841, c. 9. The bond expired on the 25th day of February, 1842. On the 15th day of the same February, Willard Bailey filed his petition to be declared a bankrupt, in the District Court of the United States. On the

5th day of April, 1842, he was duly decreed a bankrupt, and on the 8th day of August, 1842, he was duly ordered and "decreed a full discharge from all his debts owing by him at the date of the presentation of said Willard Bailey's petition to be declared a bankrupt."

The bond was a substitute for the detention of the body of the debtor. *Spencer* v. *Garland,* 20 Maine R. 75. By its terms, it was broken and a forfeiture incurred, unless one of the three conditions therein mentioned were performed within six months from its execution. It is not pretended that either of these conditions have been fulfilled. But it is insisted by the defendant's counsel, that the certificate of discharge from the District Court of the United States relates back to the time of filing the petition, and is to be regarded as if it was obtained at that time; and therefore is a perfect defence to this action. And an analogy has been attempted to be shown between this case and that of *scire facias* against *bail* for the avoidance of the principal, where the bail have been relieved from liability by that which discharged the principal.

In *Harrington* v. *Dennie,* 13 Mass. R. 93, PARKER C. J. in delivering the opinion of the Court, says, "it is a common principle, that when a man is bound to perform a contract, which becomes impossible by the act of God, or unlawful by statute, after the making of the contract, he is excused from the performance; and may plead such matter in excuse, when sued upon his contract." This course of reasoning, however, applies to cases in which by some involuntary privilege or disability, happening to the principal, the bail are deprived of the custody of the person ; so that he cannot be surrendered ; or if surrendered, must be discharged upon motion or upon habeas corpus." *Parker* v. *Chandler,* 8 Mass. R. 264, was *scire facias* against bail, who sought to be discharged by reason of the principal's being confined to the State prison. The bail was charged, the Court observing, " that nothing but the act of God can excuse in the case of bail." *Sayward & al.* v. *Conant & als.* 11 Mass. R. 146 ; and also *Harrington* v. *Dennie,* before referred to, were cases where the principal enlisted

into the army of the United States, and by an act of Congress, passed July 11, 1798, were exempted during their term of service from all personal arrests for any debt or contract, and the bail were holden on *scire facias.* The lunacy of the principal was holden insufficient to entitle bail to any indulgence. 13 East, 355. And a poor debtor's bond like the present was held forfeited, although the principal was a lunatic, and could not therefore be admitted to take the oath, notwithstanding he would have been entitled to a discharge, if he had had sufficient capacity to have made a disclosure. *Haskell* v. *Green,* 15 Maine R. 33. The case of *Champion* v. *Noyes,* 2 Mass. R. 481, is relied upon however by the defendant's counsel as decisive of the question now presented, it being one, where bail was exonerated by a discharge of the principal under the bankrupt act of the United States, passed April 5, 1800, c. 19.

If *non est inventus* is returned on an execution against the principal, and he afterwards dies, the bail are fixed, and are holden absolutely to pay the debt, because a surrender cannot be made on *scire facias.* But if the principal is living, the bail do not become fixed until judgment on *scire facias ;* and in such actions, bail have been allowed to plead any matter, which is a discharge of the debt against the principal. For if the debt against him, be discharged, " the body being only pledged for the debt, and the bail only a pledge for the principal," the surrender of the principal by the bail would be utterly useless, because he could not be taken by the creditor, but immediately on his surrender, must be discharged.

The principal, Willard Bailey, must be considered as discharged from the debt on which he was arrested, although the same has not been paid ; and we will assume, that so far as he is concerned, the decree of discharge relates back to the time, when the petition was filed. Now if the surety on the bond could be relieved by the surrender of the principal, as bail can be by a surrender on *scire facias,* at any time before judgment thereon, the analogy which is contended for on the part of the defendant would hold good, and the case would fall within the principle of *Champion* and *Noyes,* and numerous other cases.

But such a doctrine is not contended for. If the defendant's liability ever became fixed, it was at the expiration of six months from the date of the bond, and a surrender afterwards, could have no effect to relieve the surety, even if no proceedings in bankruptcy had taken place.

It is true, that the property of Willard Bailey " was divested out of his hands" from the time, that he filed his petition in bankruptcy; and this deprived him of the means of paying the debt, and his creditor of the power of satisfying it out of any property, which he owned. But the other alternative remained. No act of God, nor any statute, prevented the principal from surrendering himself and going into close confinement. And such surrender would, not then have been like that made by bail after the debt was discharged. There was no law restraining the creditor from detaining his debtor. The latter had stipulated, that he would be in custody of the jailer on failure to perform other acts mentioned in the condition of the bond. A petition to be decreed a bankrupt took from the creditor none of the power to arrest, which he before possessed ; there was no certainty that the debtor would obtain his certificate of discharge or even be declared a bankrupt. It never could have been intended, that the simple petition, at the same time, that it divested the property of the petitioner, should also protect him from arrest. The creditor might have taken upon himself the risk to answer in damages, if a discharge should be obtained by his debtor, but that exposure to injury is not sufficient to deprive him of the power to incur it. In 5 Law Reporter, 19, in the matter of Jonathan H. Cheney, the Court held that a bankrupt not having a discharge, who was in custody on an execution, was not entitled to be discharged from his imprisonment, or to any other relief in that stage of the proceedings in bankruptcy.

In the case cited from 2 Mass. R. 487, the Court say, if " the bail were already fixed, the plaintiff might justly consider them as his debtors on their own contract, and the certificate having no retrospective effect as to bail, they could derive no relief from it."

It cannot be said that there was no breach of the bond at the end of six months from its date. In case of bail, the bail bond has been broken on the return of *non est inventus* on the execution against the principal; and it is by the provision of the statute, that they have been relieved from the forfeiture by a surrender before judgment on *scire facias;* but they have never been exonerated by any voluntary act of the principal, unless he has been discharged from the debt before the bail were fixed. The breach of the bond in the case at bar made the defendant a debtor on his own contract. Nothing which could be done afterwards by himself or his principal could restore him to the position in which he stood before the breach. The liability was fixed unalterably, and the forfeiture incurred. He was in the predicament of bail, who had become fixed. Neither the discharge in bankruptcy, nor the death of the principal could afterwards relieve him.

*Judgment for the plaintiff.*