Hemphill, Ch. J.
The section 4th of the act to regulate appeals in criminal cases declares, in effect, that in eases not capital, the defendant shall enter into recognizance with sufficient security in such sum as the District Court may require, conditioned that the defendant will appear at the next term of the District Court, and from term to term thereafter, then and there to abide whatever judgment or decree the Supreme Court may render; and if the defendant fail to appear according to the terms of said recognizance, proceedings shall he had thereon as in ordinary eases for the purpose of forfeiting said recognizance.
The obligation given in this ease is in the ordinary form of an appeal bond, and not in that of a recognizance, as required by the statute, and objection to it for want of uniformity to the directions of the statute is fatal. The act regulating appeals in criminal cases differs essentially in many particulars from the provisions of acts regulating appeals in civil cases; and appeals of either class must be controlled by the special statute regulating the subject-matter. An appeal bond cannot be substituted for a recognizance in criminal eases, nor can a recognizance be substituted for an appeal bond in civil cases.
The instrument prescribed by law must be executed, otherwise, although the bond might perhaps be bindiug, yet the summary remedies and the special proceedings authorized on the statutory obligation could not be prosecuted; and at all events the statute has prescribed the mode for taking up the appeal, and this must be pursued. The ground to dismiss the appeal for want of a recognizance must therefore be sustained.
Tlie second ground is that no notice or entry of appeal appears of record.
There is some difficulty in disposing of this ground satisfactorily. On appeals from the District to the Supreme Court, under the general laws regulating appeals, notice is required to be given and entered of record, and when an appeal is taken on behalf of the State in a criminal case notice must be given in open court at the time of pronouncing the judgment. (Art. 572, Dig.) But no such requisition is prescribed on appeal by the defendant. Whether tiiis were an unintentional omission on the part of the legislature, or whether it was supposed that the entering into recognizance in open court would be sufficient notice to the State, represented by her attorney, can now be only the subject of speculation — but fruitless inquiry. One thing is clear: the notice is not in express terms required to be given or entered, and we cannot say that for such defects the appeal should be dismissed.
That this notice should appear of record seems to be demanded by the soundest rules of practice, but the Legislature having prescribed the regulations under which such appeals shall be taken and prosecuted, and having’’failed to require notice as an essential formality, the defendant cannot for the want of it be deprived of a right guaranteed by the Constitution and accorded to him specially b}^ the law.
Appeal dismissed.