THOMAS J. ALFORD, plaintiff in error, vs. WM. A IRWIN, defendant in error.

The fact that one is charged with a crime for which he has given bond with security for appearance at Court to answer the same, does not protect such person from the performance of military service whenever required. His absence from Court on this account is a legal excuse for the non-appearance.

*Habeas Corpus.* Decided by Judge HOOK. At Chambers. September, 1864.

Alford, the plaintiff in error, was under bond for his appearance at Washington Superior Court, to answer to an indictment for murder, then pending against him in that Court. While at large on the bond, that is, being neither in prison nor in the *actual* custody of his bail, he was arrested by Col. Irwin, the defendant in error, by virtue of an

order issued by his excellency, the Governor, commanding his arrest and removal to the front, for the performance of militia duty. The State was at that time invaded, and the militia had been called out for her defence.

Alford, being thus in custody, sued out a writ of *habeas corpus* for his discharge. The writ was issued by Judge Hook on the 10th September, 1864, and was returned and heard on the 13th of the same month. His Honor decided that Alford, notwithstanding the bond and his obligations and status under it, was liable to serve in the militia, and he remanded him accordingly.

This decision was brought to the Supreme Court for review.

McKINLEY, for plaintiff in error.

No appearance for the defendant.

LYON, J.

Is the fact, that one is charged with a felony, or other crime, to answer which, he has given bond with security for his appearance at Court, a protection to such person or his bail, against the demands of the Government upon him to perform military service? We hold that it is not. It is a question, alone, for the Government to determine, whether it is most important to the public interest that such person should go into the service for the defence of the country, or remain at home to answer the charge. The Government having determined to put him into the service in performance of a duty that he, in common with other citizens, owes to the country, it does not lie in his mouth to say that by reason of his being charged with a crime, to answer which he has given his bond, he is not liable. Neither has his bail the right to his custody against the claims of the Government for the performance of military duty, although they do possess the right to his custody as against himself, for the reason,

that if, in consequence of the performance of this military service imposed on the principal by the Government, he is unable, or should fail to appear at Court in performance of the condition of the bond, that is an ample reply or defence to an attempted forfeiture. It is a legal excuse for the non-appearance.

"The bail to the action are *excused* from the performance of the condition of the recognizance by the act of *God*, or by act of *law*, as, by his, (the principal) being under sentence of transportation, or impressed into the King's service."—1 *Tidd. Pr.* 289. "If a party contract to do any thing, he shall be bound to the performance of his contract, if from the nature of that contract it is capable of being performed, and legally may be performed; but when the policy of the State intervenes and prevents the performance of the contract, the party will be excused."—*Toutong vs. Hubbard*, 3d *Bos. and Pul.* 301. *Brewster vs. Kitchen*, 1 *Ld. Ray.* 321. *French vs. Shirley*, 1 *Doug.* 45. *Harrington vs. Dennis*, 13 *Mass.* 93. *Reed vs. Hoskins*, 82 *E. C. L.* 979. *Bayley vs. Fettiplace*, 7 *Mass.* 325. *Melville vs. De Wolf*, 82 *E. C. L.* 842.