## The State of Iowa v. Scott.

1. **Bail bond: DEFENSE.** In an action on a bail bond against the surety — breach, that he failed to produce the body of the principal in court at the time stipulated — the surety answered that twice after a forfeiture of the bond was declared he searched for the principal and found him in the State of Missouri; that he caused him to be arrested for the purpose of bringing him to this State to answer the charge against him; but that

the principal was in the military service either of the United States or of the State of Missouri, and was taken from him by the federal military authorities, so that he could not bring him and surrender him to the court in discharge of his undertaking: *Held*, that it did not constitute a good defense.

2. —— RELEASE: DISCRETION OF THE COURT. Section 4994 of the Revision of 1860 empowers the court, in the exercise of its discretion, before judgment, to remit the whole or any part of the sum mentioned in a forfeited bond, if the defendant *is surrendered or arrested*. This does not apply to a case in which no arrest has been made. The appellate court will interfere with the exercise of this discretion only in strong cases of abuse.

3. —— DEATH OF PRINCIPAL. The death of the principal two years after a bond was forfeited in a criminal action is no defense to an action against the security on the bond.

*Appeal from Decatur District Court.*

MONDAY, JANUARY 29.

ACTION ON BAIL BOND: WHAT WILL DISCHARGE SURETY. — One William A. Cates was, in 1861, held to answer by a justice of the peace of Decatur county, on a charge of grand larceny. The defendant, Scott, became his bail by executing and acknowledging, on the 24th day of May, 1861, an undertaking in this wise: "I, Allen "Scott, of, &c., hereby undertake that the said William A. "Cates shall appear at the District Court of Decatur county, "and State of Iowa, at the next term thereof, and answer "said charge of grand larceny, and abide the orders and "judgment of said court, and not depart without leave of "the same; or if he fail to perform either of these condi- "tions, that I will pay to the State of Iowa the sum of "five hundred dollars.

"(Signed)              ALLEN SCOTT."

The present action, brought to the September Term, 1865, is upon this undertaking. The petition alleges, that at the next term of the District Court (April Term, 1862),

succeeding the date of this bond, all of the conditions thereof were broken by Cates; that he was duly called for arraignment and came not, but made default; that Allen Scott was duly called to bring in the body of Cates, but came not; whereupon the court ordered the bond to be forfeited and suit to be brought thereon against the said Scott.

None of these facts are denied by the answers — the defendant, by way of affirmative defense, alleging, in substance:

That in July or August, 1863, and again in 1864, the defendant searched for and found Cates in Missouri; that he caused him to be arrested for the purpose of bringing him to this State, to answer the charge against him, but that Cates (who was then in the military service of the United States or of the State of Missouri) was taken from him by the federal military officers, so that he could not bring him and surrender him to the court in discharge of his undertaking.

The facts thus alleged in the answers are, on the trial (which was to the court), shown to be true.

The court held that they did not constitute a defense, and rendered judgment in favor of the State for the amount of the bond.

Defendant appeals.

*F. E. Bissell*, Attorney-General, for the State.

*J. W. Wood, J. S. Polk* and *M. D. McHenry* for the defendant.

DILLON, J. — I. Favorably disposed toward the defendant's case, we yet see no way in which, consistently with rules of law, we can reverse the judgment against him. Cates never appeared in court to answer the charge, and the defendant's undertaking was duly for-

1. BAIL BOND: defense.

feited under the statute. Rev., § 4990. As early as the April Term, 1862, defendant's liability thus became fixed, unless he can show some legal matter in discharge of it. Cates was not drafted or forced against his will into the service, but *voluntarily* entered it *after* the date of the bond. Whether he entered before or after he left the State of Iowa, and whether he entered the United States service, or that of the State of Missouri, does not (though the witness states it to be the latter) very distinctly appear in the record, and is not essential. As Cates' act was wholly voluntary, it may admit of some doubt whether, if Scott had arrested him *before* forfeiture, and been prevented by the action of the military authorities from bringing him back to Iowa for trial, it would have been a defense to an action on the bond. *Harrington* v. *Dennie*, 13 Mass., 93; *Commonwealth* v. *Johnson*, 3 Cush., 454.

But however this might be, it is clear that, *after forfeiture*, these facts would not discharge the liability upon the recognizance. The only provision of the statute that aids a bail, under such circumstances, is section 4994 of the Revision. By this it is enacted that, "if, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, in its discretion, remit the whole or any part of the sum specified in the undertaking." That is, if the bail *produce the accused* in court before final judgment upon the bond, or, if he shall be arrested by its officers, the court has a *discretion* to relieve the surety from his forfeited obligation. The court *may* do so. Its discretion may be exercised according to circumstances. If there has been no great delay and no prejudice thereby, if the State witnesses can still be had, and the surety has been vigilant and actually produced the principal, the court will, and ordinarily should, discharge the bail. It would, however, require a very strong instance of abuse, to justify this court in

2.——
release: discretion of the court.

The State of Iowa v. Scott.

interfering with the discretion which the law has wisely confided to a tribunal necessarily familiar with all of the special circumstances attending and characterizing the particular case. But as Cates was not arrested in this State by officers having the power to hold and keep him, and no steps were taken under the provisions of the act of congress in relation to parties charged with crime, and as he was not surrendered or produced in court by the bail, the case obviously does not fall within the remedial provisions of the section (4994) referred to.

Inasmuch, therefore, as the surety *after* forfeiture cannot, as a matter of *right*, be discharged on surrendering the principal, it logically and necessarily follows, that the mere fact that he was prevented, by whatever cause, from making such surrender, will not exonerate him. *Commonwealth* v. *Johnson, supra.*

II. It was also (under an amended answer alleging this fact), shown on the trial, that some time after the second arrest of Cates in 1864, he had died. This was relied upon by the defendant as a discharge of his undertaking. But as his bond was forfeited in April, 1862, it is evident that the death of the principal more than two years thereafter would not be a defense to the action.

3. —— death of principal.

It may be that the circumstances of the case make it a hard one upon the defendant, but the *courts* cannot relieve him without overturning established principles of law. The relief must be had, if at all, from another department of the government.

Affirmed.