MINNIE R. CHILDS. The (HUDSON COAL CO. v.). See Case No. 6,836.

---

## Case No. 9,641.

### MINON v. VAN NOSTRAND et al.

[Holmes, 251.] [1]

Circuit Court, D. Massachusetts. Aug., 1873. [2]

BANKRUPTCY — ARREST UNDER STATE PROCESS — POOR DEBTORS — INJUNCTION.

1. Where a debtor has been arrested on execution of a state court, and has claimed the benefit of the provisions of the state law for the relief of poor debtors, before proceedings in bankruptcy, the circuit court will not enjoin the creditor from proceeding under his execution.

2. An arrest on execution before the arrested debtor's petition in bankruptcy, is not avoided by adjudication of his bankruptcy.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 9,642.]

3. The filing by an execution creditor, after adjudication of the bankruptcy of the debtor, of charges of fraud in opposition to the discharge of the debtor, under the Massachusetts law for the relief of poor debtors, cannot be considered a suit at law or in equity to be stayed under the twenty-first section of the bankrupt act [of 1867 (14 Stat. 526)].

[Appeal from the district court of the United States for the district of Massachusetts.

[This was a bill in equity by Michael G. Minon against William T. Van Nostrand and others. From a decree of the district court dismissing the bill (Case No. 9,642) an appeal was taken to this court.]

C. R. Train and J. O. Teele, for appellant.
Burbank & Lund, for appellee.

SHEPLEY, Circuit Judge. The appellant was arrested on the third day of November, 1869, on an execution which issued on a judgment recovered against him in favor of the defendants, in the superior court for Suffolk county, on the fifteenth day of October, 1869. The debtor was taken before a commissioner of insolvency, and entered into a recognizance in due form of law, with sureties, conditioned as follows: "That said judgment debtor, Michael G. Minon, within thirty days from the day of his arrest, as above (in said recognizance) mentioned, will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon."

The appellant, subsequently desiring to take the oath for the relief of poor debtors, as provided by the laws of Massachusetts, made application to David H. Coolidge, a commissioner of insolvency; and a time and place was fixed for his examination, and the debtor and creditors appeared before the commissioner. The examination of the debtor was commenced, and the proceedings were continued from time to time to the twenty-fifth day of March, 1870. On the fourteenth day of February, 1870, the debtor filed his petition in bankruptcy, and on the sixteenth day of February he was duly adjudged a bankrupt. On the 25th of March he appeared before the commissioner of insolvency. Charges of fraud were filed by the creditors. The bankrupt proved the fact of his bankruptcy, and the proceedings thereon, and prayed that further proceedings under the execution be stayed, and he be released from his arrest, and allowed to go thereof without day. This prayer was denied by the commissioner. The bankrupt subsequently filed in the district court his petition for a writ of injunction against further proceedings by the creditors before the commissioner under the

execution and the recognizance, and for his release from that arrest. The district court dismissed the petition, and the case is brought before this court by appeal.

The recognizance having been taken before the commencement of proceedings in bankruptcy, the sureties could only be discharged by a performance of the conditions of the recognizance. While the arrest continues, all other means to obtain payment of the judgment are suspended. When an arrest has been made upon an execution, and the debtor has claimed the provisions of the state law for relief, prior to his application in bankruptcy, the circuit court will not enjoin the creditor from proceeding with his execution. Craggin v. Bailey, 23 Me. 104. The arrest is not avoided by the bankruptcy. The proceedings under the recognizance were instituted at the debtor's instance. The filing of the charges of fraud was only a proceeding incidental to the previous proceedings instituted by him, in the nature of an answer or plea in bar to the debtor's application. Parker v. Page, 4 Gray. 533. Such filing of charges of fraud cannot be treated as a suit at law or in equity to be stayed under the twenty-first section of the bankrupt act.

Decree affirmed.