CALVIN JONES *v.* THE STATE.

1. RECOGNIZANCE. — The act of April 27, 1871 (2 Pasc. Dig., Art. 6599), prescribes the form for recognizances in all cases bailable on appeal; and the act of August 18, 1876 (Pamphlet Acts, 172), makes that form applicable in appeals from the county court to this court.

2. SAME.—An instrument in the form prescribed for a recognizance, but which, instead of being taken in open court and made matter of record, was signed by the obligors, approved by the judge, and filed by the clerk, is not a compliance with the statute.   Such an instrument is simply a bond, unauthorized by law, and will not support an appeal in a criminal case.

APPEAL from the County Court of Bee.   Tried below before the Hon. W. R. HAYS.

Appellant was convicted of an aggravated assault upon a female, and his punishment was assessed at a fine of $100.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   A motion is made by the Assistant Attorney General to dismiss this appeal for the want of a proper recognizance.

The appellant, having been found guilty in the lower court of an aggravated assault, gave notice of appeal. The record contains an instrument, signed and executed by appellant and his sureties, which is a literal copy of the statutory form of a recognizance provided by act of the legislature, approved the 26th of April, 1871. Acts first session Twelfth Legislature, 61, 62; 2 Pasc. Dig., Arts. 6599, 6600. This instrument is indorsed, "examined and approved," by the county judge, and appears to have been filed in court.

The Code of Criminal Procedure furnishes us the rules of practice in all cases which are bailable on appeal, as follows:

Pasc. Dig., Art. 2727: "A recognizance is an undertaking entered into before the supreme or district court, by the defendant to a criminal action and his sureties, by which they bind themselves respectively, in a sum fixed by the court, that the defendant will appear for trial before the proper court upon the accusation preferred against him. The undertaking of the parties in such case is not signed; but made a matter of record in the court where the same is entered into."

Pasc. Dig., Art. 3186: "When the defendant appeals in any case of misdemeanor, he shall be committed to jail, unless he enter into recognizance before the district court, to abide the judgment of the supreme court."

The act of the first session of the twelfth legislature, p. 61 (2 Pasc. Dig., Arts. 6599, 6600), above cited, prescribes the form for recognizances in all cases bailable on appeal; and these rules are made applicable in appeals from the county court to the court of appeals by act approved 18th August, 1876. Acts of Fifteenth Legislature, 172, 173.

The instrument set out in the transcript in this case,

though following the prescribed form, is yet signed and executed by the obligors. There is no evidence that this was done in open court, or that the undertaking or obligation was made a matter of record by being entered upon the minutes of the court, as seems to be contemplated by the statute. The rule in such cases is that "the instrument prescribed by law must be executed; otherwise, although the bond might perhaps be binding, yet the summary remedies, and the special proceedings authorized on the statutory obligation, could not be prosecuted; and, at all events, the statute has prescribed the mode for taking up the appeal, and this must be pursued." *Hammons* v. *The State*, 8 Texas, 272. It is true that "a bond taken by an officer of the court, by authority of law, and required to be returned into court, when so returned and placed upon the files of the court, is an obligation of record. 10 M. R. 201; 2 Mass. 481. It has the force and effect of an obligation entered into before a court of record. It is in effect a recognizance." *Lawton* v. *The State*, 5 Texas, 271. But in the case we are considering, the parties having no right to execute, and the county judge having no authority to take a bond in lieu of the statutory recognizance, the examination and approval of the county judge, and subsequent filing by the clerk, would give no validity to the instrument as a recognizance.

"The law requires a recognizance, which must be taken in open court." *Herron* v. *The State*, 27 Texas, 337. The instrument here presented is simply a bond, and a bond will not do. *Bacon* v. *The State*, 10 Texas, 98.

The motion of the attorney general is granted, and the appeal in this case is dismissed for want of a proper recognizance.

*Appeal dismissed.*