## THE STATE v. HIRRONEMUS.

1. **Bail:** RECORD. In an action on a bail-bond, the introduction of the record of forfeiture is admissible, even though it fail to show that the defendant was called in open court.

2. ——: SURRENDER OF DEFENDANT: DISCRETION OF COURT. It requires clear proof of abuse of discretion of the court, in refusing to remit a forfeiture, to justify interference with the court's action.

3. ——: MEASURE OF DAMAGES. The measure of damages is the penalty of the bond, and not the fine imposed and costs.

*Appeal from Wapello District Court.*

WEDNESDAY, APRIL 23.

THIS is an action upon a bond executed by the defendant for the appearance of Martin Dooley to answer to an indictment found against him for nuisance. The cause was tried by the court, and judgment was rendered against the defendant for two hundred dollars, the amount of the bond. The defendant appeals. The facts are stated in the opinion.

*John B. Ennis*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—Martin Dooley was duly indicted by the grand jury of Wapello county for nuisance. On the 30th day of December, 1876, Dooley and the defendant, John Hirrone-mus, executed to the State of Iowa a bail bond in the sum of two hundred dollars, conditioned as follows: "Now, if said Martin Dooley shall personally appear at the next term of the Wapello District Court, on the first day thereof, to answer to said indictment, and shall not depart the court without leave, and obey all orders of said court, made in said case, this obligation to be void, otherwise in full force and effect." The accused appeared and pleaded guilty to the indictment. On said plea the court rendered against him a judgment of fifty dollars fine and fifteen dollars and seventy-five cents costs, together with an order of imprisonment as follows: "It is further ordered by the court that the defendant Dooley be confined in the jail of Wapello county at hard labor, either in or outside of such jail, until said fine is paid, at one dollar and fifty cents per day, unless said defendant is sooner discharged, by virtue of section 4611, Code 1873, and that a bench warrant issue to enable the sheriff to take the defendant into his custody, to carry into effect this judgment or order."

On the 11th day of February, 1876, a forfeiture of the bond was entered as follows: "Comes now the plaintiff by T. M. Fee, district attorney, and the defendant, being three times called to surrender himself in satisfaction of the judgment heretofore rendered in this case, came not, but made default, whereupon it is ordered by the court that his said default be entered against said Dooley. It is, therefore, ordered by the court that the bond for the appearance of the defendant, with the surety thereto, be and the same is hereby forfeited."

Dooley testifies as follows: "Defendant took steps to surrender me up. He got the sheriff to come where I was in bed,

here in town, and wake me up. Took me and put me in jail. This was two years ago. I think I was in jail about twelve days, when the defendant had me turned over to the sheriff. After this I was in jail, a year and a half ago; was then in jail twenty-one more days. I do not know in what all the cases I was in jail on. I was in jail this time two years ago. John Hirronemus had me turned over to the sheriff. I have been indicted within the eight years several times. I missed two courts. I guess it must be after notice that something was claimed. This was not before I was sued on the bond. I would not be positive whether it was after or before defendant was sued. I don't know now just what case it was in, but I know Hirronemus had me surrendered up to the sheriff."

The defendant also proved by the records of the court that Dooley paid on said judgment of fine against him thirty dollars cash, and that a warrant was issued and placed in the sheriff's hands for the arrest of Dooley in execution of the judgment of fine and imprisonment against him for a failure to surrender himself, in execution of which the defendant is sued. The defendant also offered to surrender Martin Dooley to the court in execution of the judgment, if anything be due thereon, but the court declined to take him, and refused to order the officers to take him, to which action of the court defendant excepted.

I. The defendant objected to the introduction of the record of the forfeiture of the bond because it does not show that

1. BAIL: record. Dooley was called in open court to surrender himself in execution of the judgment against him. The admission of this record is assigned as error. The entry purports to be a record of the proceedings of the court. If the act occurred when the court was not in session it was the act of individuals only, and not of the court. Being, as the record states, the act of the court, it must have occurred in open court. It is not necessary that the record should state that the proceeding was had in open court, when it appears

from what the record does show that it could not have been had in any other way.

II.   It is urged that the court abused its discretion in refusing to remit the penalty in the undertaking.   It is claimed that not only was over half the fine paid by Dooley, but he was also imprisoned on the very judgment in respect to which defendant is now sued on the bond.   The evidence does not show that Dooley was imprisoned under the judgment in respect to which defendant is sued.   Dooley testifies that during the eight years preceding the trial he was indicted at all the terms of court except two.   He does not undertake to say that he was in jail under the judgment involved in this action.   The presumption is that he was not in jail under this judgment, for as the judgment directed that the fine should be paid by labor at the rate of one dollar and fifty cents per day, if defendant had been in custody under this judgment he would not probably have been released until the fine was fully paid.

*2. ——: surrender of defendant discretion of court.*

The evidence does show that Dooley's surrender and imprisonment were after this suit was instituted.   The surrender not having been made until after suit was instituted it was a matter of discretion with the court whether the whole or any part of the sum so specified in the undertaking should be remitted.   Code, § 4600.   It requires a very strong instance of abuse to justify us in interfering with such discretion. The *State v. Scott*, 20 Iowa, 63.   No such abuse of discretion appears in this case.

III.   It is urged that the measure of damages is not the penalty of the bond, but the amount of the fine imposed and costs.   It is very apparent, from section 4600 of the Code, that this is not so.   Under this section the court may, in its discretion, remit the whole or a part of the sum specified in the bond, and, of necessity, in its discretion may refuse to remit any part of the sum specified, and render judgment for the penalty named.

*3. ——: measure of damages.*

  The judgment is                                         AFFIRMED.