### UNITED STATES v. McGLASHEN et al.

#### (Circuit Court, E. D. Wisconsin. March 23, 1895.)

ACTION ON FORFEITED RECOGNIZANCE—DEFENSE.

In an action on a forfeited recognizance, only a legal defense can be heard; and the fact that there was an appearance or discontinuance after forfeiture is not a legal defense, though it would constitute matter for application, under Rev. St. § 1020, to the court which adjudged the forfeiture, to have the penalty remitted.

Action by the United States against Guy S. McGlashen and others.

This is an action at law upon a forfeited recognizance, in which Guy S. McGlashen is the alleged principal, and R. E. McGlashen and J. W. Surfis the sureties. R. E. McGlashen is the only defendant found in this district, and the only one before the court. A jury was waived, and the cause submitted to the court upon stipulated facts to the effect that the allegations of the complaint are true; that an indictment for subornation of perjury, and transmitting and presenting a false and forged affidavit, with intent to defraud the United States, was found and filed at a term of the United States district court for the district of Kansas, on September 14, 1889; that the recognizance alleged was duly entered into by the defendants for the appearance of said principal at the next term of said court; that at such next term, for September, 1890, the said principal failed to appear, and on September 6, 1890, it was thereupon adjudged by said court "that said recognizance be forfeited against said principal and sureties, and that the obligation and security be prosecuted." It is further stipulated that the records of said court show subsequent entries in the cause against Guy S. McGlashen as follows: Of continuances to the next term, on motion of the district attorney, October 5, 1891, March 14, 1892, and September 12, 1892, respectively; and on March 6, 1893, that a nolle prosequi was entered, and the defendant discharged. There is no showing or pretense that any application was made to that court, or action had, to remit the penalty or forfeiture, under section 1020, Rev. St.

J. H. M. Wigman, U. S. Atty.
H. L. Eaton, for defendant R. E. McGlashen.

SEAMAN, District Judge (after stating the facts). The facts which are material for determination of liability in this case are all undisputed and conceded, and the only question presented is whether the surety can or must be relieved because of the proceedings subsequent to default and forfeiture. It is insisted in behalf of the surety who is defendant here that the entries of continuance which followed the forfeiture import that the principal was present and ready for trial at the subsequent terms, and the nolle prosequi deprived the sureties of a right to further produce the person of the principal, and rendered performance of their obligation impossible; that the sureties are therefore absolved from liability. This

contention is without force for a defense at law against a forfeiture of the recognizance, even if it be assumed that the principal was in attendance at the subsequent terms. It would constitute matter for an application, under section 1020, Rev. St., to have the penalty remitted, in whole or in part; but that must be addressed to the court which adjudged the forfeiture, and where alone is lodged a discretion to grant relief when it appears that "there has been no wilful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." This court can only hear a legal defense. The inquiry is not open upon this issue, and in this forum, to ascertain whether the prosecution was actually prevented, and discontinuance made necessary, by the absence of the principal at the time appointed, or whether the principal was produced at a later term, and, if so, whether the prosecution was then enabled to proceed. The fact that there was an appearance or a discontinuance after forfeiture is not a legal defense. The recognizance is "a contract between the cognizors and the government that if the latter would release the principal cognizor from custody the former would undertake that he should personally appear at the specified time and place to answer the indictment." U. S. v. Van Fossen, 1 Dill. 406, Fed. Cas. No. 16,607. The obligation is peremptory, and the penalty accrues on the failure to appear according to its condition. The parties become absolute debtors to the obligee for the amount, and "must be held liable to pay the same, unless they can show some matter legally sufficient to excuse the failure." Id. The opinion in the Van Fossen Case is by Judge Dillon, concurred in by Judge Delahay; and the report shows (page 412) that a subsequent application was made, upon showing that the principal died after the forfeiture, and while imprisoned upon charge for another offense, committed prior to the date of the recognizance in suit, and Mr. Justice Miller thereupon concurs in holding that the sureties were not exonerated. I think the authorities are uniform in thus placing liability, and the following citations are well in point, in addition to the Van Fossen Case: Taylor v. Taintor, 16 Wall. 366; State v. Traphagen, 45 N. J. Law, 134; State v. Scott, 20 Iowa, 63; People v. Anable, 7 Hill, 33. Those cited in behalf of the defendant are not applicable to a forfeited recognizance, except the Louisiana cases; and the latter can only be reconciled with the rule of absolute liability above stated by the assumption that there was some discretion vested in the courts of that state by statute. The adjudication of forfeiture here shown must be accepted in this forum as conclusive against any matters asserted in the defense. U. S. v. Ambrose, 7 Fed. 554. I am therefore constrained to hold that this court is without power to grant relief under section 1020, Rev. St., and that there is failure to show any legal defense. Findings must be given in favor of the plaintiff, and judgment accordingly, but binding only the defendant served, R. E. McGlashen, as provided by section 737, Rev. St. So ordered.